## H. ELY GOLDSMITH, CERTIFIED PUBLIC ACCOUNTANT, *v.* UNITED STATES BOARD OF TAX APPEALS.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 320. Argued November 30, 1925.—Decided March 1, 1926.

1. Power of the United States Board of Tax Appeals to prescribe rules for admission of attorneys and certified public accountants to practice before it under the Revenue Act of 1924, § 900, 43 Stat. 253, is implied in the other powers conferred by the Act. P. 120.

2. Where the application of a certified public accountant for admission to practice before the Board of Tax Appeals was denied after an *ex parte* investigation, *held* that he was entitled to notice and a hearing before the Board upon the charges on which the denial was based. P. 123.

3. Mandamus will not lie summarily to compel the Board to enroll an applicant who has not applied to the Board for a hearing on the charges which caused its denial of his application. P. 123.

55 App. D. C. 229, 4 Fed. (2d) 422, affirmed.

ERROR to a judgment of the Court of Appeals of the District of Columbia refusing a mandamus to compel the

United States Board of Tax Appeals to admit to practice before it a certified public accountant.

*Mr. H. Ely Goldsmith, pro se.*

The board has no express authority to make and enforce rules for the admission of attorneys, and there is no authority in the courts to supply omissions of the statutes. *Cotheal* v. *Cotheal,* 40 N. Y. 405; *Benton* v. *Wickwire,* 54 N. Y. 226; *Daly* v. *Haight,* 170 App. Div. 469; *F. A. Bank* v. *Colgate,* 120 N. Y. 381. *Shoemaker* v. *Hoyt,* 148 N. Y. 425; *Morrill* v. *Jones,* 106 U. S. 466.

There is no implied authority of executive departments to prescribe and enforce rules for admission of attorneys. If Congress had intended to give this board such power as is claimed by it, it would have said so specifically. If the respondents had the power to make rules for admission of attorneys they failed to exercise in a proper manner their prerogative of passing upon applications in the case of petitioner. The due process clause in the Constitution entitled petitioner to be heard before an opportunity to make a living in his profession was taken away from him. A substantial right has been invaded by the respondents, and this Court may well determine that they acted arbitrarily, tyrannically and capriciously in refusing the enrollment. *Ex parte Garland,* 4 Wall. 333; *Ex parte Secombe,* 19 How. 9; *Ex parte Robinson,* 19 Wall. 513. Notwithstanding their powers of subpoena, the defendants form an administrative board, and not a judicial tribunal.

*Solicitor General Mitchell* and *Messrs. Alfred A. Wheat,* Special Assistant to the Attorney General, and *Randolph S. Collins,* Attorney in the Department of Justice, were on the brief, for respondents.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

H. Ely Goldsmith, a citizen of New York and qualified to practice as a Certified Public Accountant by certificate

issued under the laws of that State, filed a petition in the Supreme Court of the District of Columbia asking for a writ of mandamus against the United States Board of Tax Appeals created by the Revenue Act of 1924, 43 Stat. 253, 336, Title IX, § 900, to compel the Board to enroll him as an attorney with the right to practice before it; and to enjoin the Board from interfering with his appearance before it in behalf of tax-payers whose interests are there being dealt with.

The petition avers that the Board has published rules for admission of persons entitled to practice before it, by which attorneys at law admitted to courts of the United States and the States, and the District of Columbia, as well as certified public accountants duly qualified under the law of any State or the District, are made eligible. The applicant is required to make a statement under oath giving his name, residence and the time and place of his admission to the bar or of his qualification as a public accountant, and disclosing whether he has ever been disbarred or his right to practice as a certified accountant has ever been revoked. The rules further provide that the Board may in its discretion deny admission to any applicant, or suspend or disbar any person after admission.

The petitioner says that pursuant to these rules he made application, showing that he was a public accountant of New York duly certified and that his certificate was unrevoked, that he thereupon filed petitions for tax-payers before the Board, but that he was then advised, September 5, 1924, by the Board that the question of his admission to practice had been referred to a committee for investigation, that in due course he would be notified whether the committee desired him to appear before it and of its action in the premises; and that on September 27 he received notice that his application had been received, considered and denied. So far as appears, he made no further application to the Board to be heard

upon the question of his admission, but filed his petition for mandamus at once. In his petition, he denies the power of the Board to make rules for admission of persons to practice before it.

Upon the filing of the petition, a judge of the Supreme Court of the District ordered a rule against the Board to show cause. The members of the Board answered the rule as if they were individual defendants and set out at considerable length the discharge of the petitioner for improper conduct as examiner of municipal accounts in the office of State Comptroller of New York (*People ex rel. Goldsmith* v. *Travis,* 167 App. Div. 475; 219 N. Y. 589) and the rejection of the petitioner as an applicant for admission to practice in the Department of the Treasury because of improper advice to clients, as grounds upon which the committee and the Board had denied his application to practice before it.

To this answer the petitioner replied, consenting to the appearance of individual members of the Board as defendants, denying some of the charges made but averring that they were none of them competent evidence on the issue presented and were merely hearsay, and that the action in New York and in the Treasury Department was due to prejudice against him for doing his duty. To this reply the defendants demurred. Upon the issue thus presented, the Supreme Court dismissed the petition for mandamus.

The Court of Appeals of the District affirmed the judgment of the Supreme Court (4 Fed. (2nd) 422), and the case has been brought here on error under § 250 of the Judicial Code, as a case in which the construction of a law of the United States is drawn in question.

The chief issue made between the parties is whether the Board of Tax Appeals has power to adopt rules of practice before it by which it may limit those who appear before it to represent the interest of tax-payers to persons

whom the Board deem qualified to perform such service and to be of proper character.

The Board is composed of members appointed by the President by and with the advice and consent of the Senate, with a chairman appointed by the Board. It is charged with the duty of hearing and determining appeals from the Commissioner of Internal Revenue on questions of tax assessments for deficiencies in returns of tax-payers. Notice and opportunity to be heard is to be given to the tax-payer. Hearings before the Board are to be open to the public. The Board may subpoena witnesses, compel the production of papers and documents and administer oaths. The duty of the Board and of each of the divisions into which it may be divided is to make a report in writing of its findings of fact and decision in each case. In any subsequent suit in court by the tax-payer to recover amounts paid under its decision, its findings of fact shall be *prima facie* evidence. It is further provided by the Act that " the proceedings of the Board and its divisions shall be conducted in accordance with such rules of evidence and procedure as the Board may prescribe." The last sentence in the Title providing for the Board is, " The Board shall be an independent agency in the executive branch of the Government."

We think that the character of the work to be done by the Board, the quasi judicial nature of its duties, the magnitude of the interests to be affected by its decisions, all require that those who represent the tax-payers in the hearings should be persons whose qualities as lawyers or accountants will secure proper service to their clients and to help the Board in the discharge of its important duties. In most of the Executive departments in which interests of individuals as claimants or tax-payers are to be passed on by executive officers or boards, authority is exercised to limit those who act for them as attorneys to persons of proper character and qualification to do so. Not in-

frequently, statutory provision is made for requiring a list of enrolled attorneys to which a practitioner must be admitted by the executive officer or tribunal. Act July 7, 1884, 23 St. 236, 258, c. 334; Act of July 4, 1884, 23 Stat. 98, 101, c. 181, § 5; Act of June 10, 1921, 42 Stat. 25, c. 18, § 311. In view of these express provisions, it is urged that the absence of such authority in case of the Board of Tax Appeals should indicate that it was not intended by Congress to give it the power. Our view, on the contrary, is that so necessary is the power and so usual is it that the general words by which the Board is vested with the authority to prescribe the procedure in accordance with which its business shall be conducted include as part of the procedure rules of practice for the admission of attorneys. It would be a very curious situation if such power did not exist in the Board of Tax Appeals when in the Treasury Department and the office of the Commissioner of Internal Revenue there is a list of attorneys enrolled for practice in the very cases which are to be appealed to the Board.

Our conclusion in this case is sustained by the decision of the Supreme Judicial Court of Massachusetts in *Manning* v. *French*, 149 Mass. 391. That was a suit for tort against members of the Court of Commissioners of Alabama Claims for unjustly depriving an attorney of the privilege of practicing before it. The court was given by statute power to make rules for regulating the forms and mode of procedure for the court, and this was held to include the power to make rules for the admission of persons to prosecute claims before the court as agents or attorneys for the claimants. It was pointed out in support of the construction that claimants were not compelled to appear in person to present their claims, as the tax-payers are not before the Board of Tax Appeals. The fact that in the *Manning Case* the body was called a Court and that here the Board is an executive tribunal does not make the decision inapplicable. The Court of Alabama Claims was

certainly not a United States Court under the third Article of the Constitution. It was rather a commission to aid the fulfilment of an international award with judicial powers.

It is next objected that no opportunity was given to the petitioner to be heard in reference to the charges upon which the committee acted in denying him admission to practice. We think that the petitioner having shown by his application that, being a citizen of the United States and a certified public accountant under the laws of a State, he was within the class of those entitled to be admitted to practice under the Board's rules, he should not have been rejected upon charges of his unfitness without giving him an opportunity by notice for hearing and answer. The rules adopted by the Board provide that " the Board may in its discretion deny admission, suspend or disbar any person." But this must be construed to mean the exercise of a discretion to be exercised after fair investigation, with such a notice, hearing and opportunity to answer for the applicant as would constitute due process. *Garfield* v. *United States, ex rel. Spalding,* 32 App. D. C. 153, 158; *United States ex rel. Wedderburn* v. *Bliss,* 12 App. D. C. 485; *Phillips* v. *Ballinger,* 27 App. D. C. 46, 51.

The petitioner as an applicant for admission to practice was, therefore, entitled to demand from the Board the right to be heard on the charges against him upon which the Board has denied him admission. But he made no demand of this kind. Instead of doing so, he filed this petition in mandamus in which he asked for a writ to compel the Board summarily to enroll him in the list of practitioners, and to enjoin it from interfering with his representing clients before it. He was not entitled to this on his petition. Until he had sought a hearing from the Board, and been denied it, he could not appeal to the courts for any remedy and certaintly not for mandamus to compel enrollment. Nor was there anything in the

answer, reply or demurrer which placed him in any more favorable attitude for asking the writ.

This conclusion leads us to affirm the judgment of the Court of Appeals.

*Affirmed.*