**UNITED STATES ex rel. CONNOR et al. v. DISTRICT OF COLUMBIA et al.**

**No. 5736.**

Court of Appeals of the District of Columbia.

Argued Oct. 6, 1932.

Decided Nov. 21, 1932.

James A. Toomey and Vincent L. Toomey, both of Washington, D. C., for appellants.

William W. Bride and Robert E. Lynch, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District dismissing a petition (filed March 26, 1932) for a writ of mandamus to compel the appellees to issue a permit for the erection and establishment of a gasoline service station at 701–705 North Capital Street Northeast.

The cause was heard on the petition for the writ, the rule to show cause, and the answer.

Appellants' premises are situated in square No. 677, on the northeast corner of North Capitol and G streets, fronting on North Capitol street, which is zoned first commercial. In the rear of appellants' premises is a public alley extending north from G street toward H street. All property on G street east of that alley as far as First street is zoned second commercial.

When appellants' petition was filed, on the south side of G street in square 678, across from appellants' premises and extending from North Capitol street to First street, was property owned by the federal government and occupied by the Post Office Department for the parking of automobiles and for a garage for the use of the Post Office Department. The Act of July 3, 1930, c. 859, 46 Stat. 1012, authorized the Secretary of the Treasury to enter into contracts for the extension, remodeling, and enlargement of the post office building "on land already owned by the Government in square 678," which embraced the area occupied as a garage and for the parking of automobiles. The Act of March 4, 1931, c. 522, 46 Stat. 1552, 1586, appropriated funds for the commencement of the extension to the post office building.

The entire west side of North Capitol street between G and H streets in square 624, opposite appellants' premises, is occupied by the Government Printing Office.

Section 4 of the Zoning Regulations provides, inter alia: "In cases where the establishment of any business under the building regulations requires the consent of property owners within a certain specified area, and within this area there is included *public property,* the applicant for the establishment of such business shall be required to obtain the written consents of the owners of at least 75 per cent of the area owned by private parties, and, in case these consents do not constitute 75 per cent of *the whole of the area of consents required,* the inspector of buildings is instructed to forward the application to the Board of Commissioners, which, after ascertaining the views of any other departments having jurisdiction over the *public property,* will consider on the merits of the case whether or not consent will be given for *public property."* (Italics ours.)

Appellees construed the term "public property" as used in the regulation to mean federal or United States government property, and, after ascertaining the views of both the Government Printing Office and the Post Office Department (both properties being in the so-called consent area), "refused to consent on behalf of the public property within the 200-foot radius of the plaintiffs' (appellants') property," and refused to issue a permit.

Appellants contend that under a proper interpretation of the regulation they were entitled to a permit.

1016

The Zoning Act of March 1, 1920, 41 Stat. 500 (D. C. Code 1929, T. 25, § 521 et seq.), provided for a Zoning Commission, consisting of the Commissioners of the District of Columbia, the officer in charge of public buildings and grounds of the District, and the Superintendent of the United States Capitol Building and Grounds. Section 5 of the act (D. C. Code 1929, T. 25, § 525) authorized and empowered the commission "to make such orders and adopt such regulations not inconsistent with law as may be necessary to accomplish the purposes and carry into effect the provisions of this chapter." Pursuant to that authority, the Zoning Commission adopted and promulgated comprehensive regulations, and in section 22 provided that "the provisions of these regulations shall be enforced by the Commissioners of the District of Columbia, and said commissioners are hereby authorized to interpret and apply the same. *Appeals from the decision of the Commissioners of the District of Columbia may be taken to the Zoning Commission.*" (Italics ours.)

When, therefore, appellants' application for a permit was denied, there was available to them an appeal to the Zoning Commission. This appeal was not taken. Where a party has a right to a writ of error or appeal, he may not resort to the extraordinary writ of mandamus or prohibition. Ex parte Tiffany, 252 U. S. 32, 37, 40 S. Ct. 239, 64 L. Ed. 443; Ex parte Riddle, 255 U. S. 450, 41 S. Ct. 370, 65 L. Ed. 725; Stratton v. St. Louis S. W. Ry., 282 U. S. 10, 16, 51 S. Ct. 8, 75 L. Ed. 135. Goldsmith v. U. S. Bd. of Tax Appeals, 270 U. S. 117, 46 S. Ct. 215, 70 L. Ed. 494, involved a petition for mandamus to compel the Board of Tax Appeals to admit Goldsmith to practice before it as a certified public accountant. The application had been denied after an ex parte investigation. It was held that he was entitled to demand of the board the right to be heard on the charges against him, but that, not having made such a demand, he was not entitled to the writ. The court said (270 U. S. at page 123, 46 S. Ct. 215, 218, 70 L. Ed. 494): "Until he had sought a hearing from the board, and been denied it, he could not appeal to the courts for any remedy and certainly not for mandamus to compel enrollment." So, here; until appellants had exhausted their remedy by way of appeal, they were not in a position to invoke the aid of a writ of mandamus.

Judgment affirmed.

Affirmed.