UNITED STATES ex rel. FREY v. ROBERTSON.

No. 5791.

Court of Appeals of the District of Columbia.

Argued Jan. 4, 1933.

Decided Jan. 30, 1933.

Rehearing Denied Feb. 16, 1933.

J. Howard Flint, of Washington, D. C., for appellant.

T. A. Hostetler, Sol. of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appeal from a judgment in the Supreme Court of the District dismissing appellant's petition for a writ of mandamus against the Commissioner of Patents. The cause was heard upon the petition, the rule to show cause, and the return.

On January 23, 1932, appellant filed an application for letters patent. The application contained certain claims, including claim 2 copied from a patent. On May 18, 1932, the primary examiner rejected certain of the claims, including claim 2, but ruled that, inasmuch as that claim had been copied from a patent, Rule 63 was applicable and that appellant would be required to respond to the rejection of that claim within 30 days.

Rule 63 provides that where an applicant copies claims from a patent and the examiner is of the opinion that such claims cannot

be made, the examiner shall state the grounds for the rejection "and set a time limit, not less than twenty days, for reply. If, after response by the applicant, the rejection is made final, a similar time limit should be set for appeal. Failure to respond or appeal, as the case may be, within the time fixed, will in the absence of a satisfactory showing, be deemed a disclaimer of the invention claimed."

Appellant contends that Rule 63 is invalid as in conflict with section 4894, R. S. (U. S. C., title 35, § 37 [35 USCA § 37]), which it is insisted allows an applicant six months to respond to any action of the Patent Office with respect to the application.

It is settled law "that the writ of mandamus cannot be used to perform the office of an appeal or writ of error, or granted in any case where there is another adequate remedy." Moore v. United States ex rel. Lindmark, 33 App. D. C. 597, 602; U. S. ex rel. Connor v. District of Columbia, 61 App. D. C. 288, 61 F.(2d) 1015, 60 W. L. R. 849. In the present case adequate remedy by way of appeal was available to appellant upon the final rejection of the claim. In the event of an adverse decision by the Board of Appeals, appellant might appeal to the United States Court of Customs and Patent Appeals or file a bill in equity under section 4915, R. S. (U. S. C., title 35, § 63 [35 USCA § 63]).

It follows that the judgment of the court below was right. It is, therefore, affirmed.

Affirmed.