**BALDWIN v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8523.

Circuit Court of Appeals, Ninth Circuit.
March 11, 1938.

Allen Spivock, of San Francisco, Cal., for petitioner.

James W. Morris, Ass't. Atty. Gen., and Sewall Key, Norman D. Keller, Joseph M. Jones, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The Commissioner of Internal Revenue determined a deficiency in the estate tax on the estate of Janet M. Baldwin of $2,034.74, and on or about May 11, 1936, forwarded to Murray Baldwin and David Cosgrave, as executors of the estate, statutory deficiency letters notifying them of the deficiency and of the right to petition the Board of Tax Appeals within ninety days.

On August 8, 1936, Murray Baldwin filed with the Board of Tax Appeals a petition for review. This was signed by "George D. Collins, Jr., Counsel for Petitioner," and verified by Murray Baldwin. The caption of the petition indicates it to be that of Murray Baldwin, individually, and as an executor of the last will of Janet M. Baldwin.

On September 1, 1936, the Commissioner filed with the Board of Tax Appeals a motion to dismiss the petition for failure to comply with rule 5(g) of the Rules of Practices of the Board of Tax Appeals in that it had not been signed or verified by a majority of the fiduciaries of the estate. The petitioner was ordered to show cause why the proceeding should not be dismissed and in opposition to the motion filed an affidavit showing that his coexecutor refused to join in the petition, allegedly for spite, and specifying the difficulty between the two.

The Board dismissed the proceeding and determined a deficiency in the amount of $2,034.74. The case is before this court upon a petition to review the dismissal order.

Rule 5 of the United States Board of Tax Appeals provides in part as follows: "A proceeding shall be initiated by filing with the Board a petition, * * * (g) * * * In the case of estates, trusts or other fiduciaries, the petition may be signed by counsel or by one or more of the fiduciaries and shall be verified by one or more of the fiduciaries. *A majority of the fiduciaries shall either sign or verify the petition. * * *"* (Italics added.)

It is evidence that the petition before us does not comply with the italicized portion of the rule, since but one of the two fiduciaries has verified the petition and it is signed by neither of them.

■ The Board of Tax Appeals is specifically authorized to prescribe rules for the conduct of proceedings before it. Section 907(a) of the Revenue Act of 1924, as amended by section 601 of the Revenue Act of 1928, 26 U.S.C.A. § 611. Such rules have the force and effect of law. Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Goldsmith v. Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494. The rules prescribed are merely procedural and cannot under any circumstances limit or control the statutory jurisdiction conferred upon the Board. Board of Tax Appeals v. United States ex rel. Shults Bread Co., 1930, 59 App.D.C. 161, 37 F.2d 442, certiorari denied, 281 U.S. 731, 50 S.Ct. 246, 74 L.Ed. 1147; Weaver v. Blair, 1927, 3 Cir., 19 F.2d 16.

Section 601 of title 26 of the United States Code, 26 U.S.C.A. § 601, provides: "The Board and its divisions shall have such jurisdiction as is conferred on them by Title II and Title III of the Revenue Act of 1926 or by subsequent laws."

26 U.S.C.A. § 471 provides: "(a) If the Commissioner determines that there is a deficiency in respect of the tax imposed by this subchapter [Chapter 3, Estate Tax], the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 90 days after such notice is mailed, * * * the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * * (b) If the executor files a petition with the Board, the entire amount redetermined as the deficiency by the deci-

sion of the Board which has become final shall be assessed and shall be paid. * * * (c) If the executor does not file a petition with the Board within the time prescribed in subsection (a) the deficiency, notice of which has been mailed to the executor, shall be assessed, and shall be paid."

■ It is clear from this quoted portion of the act that the Board has jurisdiction of a petition of "the executor." Any rule which would condition the right of a sole executor to petition to the Board on his obtaining the signature or verification of some other party would clearly be bad as affecting the jurisdiction of the Board. But where there are several executors of an estate, is this section to be interpreted to mean that each has the right, independently of anyone else, to file and have heard a petition for redetermination? We so construe the statute.

■ By the provisions of 26 U.S.C.A. § 422 "the executor" is charged with the payment of the tax. And he is liable therefor both personally and in his representative capacity. 26 U.S.C.A. § 425; and see 31 U.S.C.A. § 192. It will be noted that these statutes imposing liability employ, as does the statute providing for redetermination by the Board of a claimed deficiency, the term "the executor." This term should be given the same meaning in both connections. If each of several executors is severally liable as "the executor," then each should be allowed to file a petition as "the executor." It has been held that where one of the two executors of an estate was served in an action brought by the United States to collect the estate tax deficiency, he was contingently liable for the whole amount sued for. United States v. Cruikshank, 1931, D.C., 48 F.2d 352, 357. We believe such holding proper and that where there are several executors, they are severally liable for the tax, personally as well as in their representative capacities. To hold otherwise would make the government's remedies for collection less effective where there are several executors than where there is but one—a result certainly not intended by Congress. Our view on this point does not depend upon any provision of state law as to the liability of executors—"State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law." Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199.

Since each of several executors is liable for payment of the entire tax, it would seem that Congress intended by 26 U.S.C.A. § 471 to give to each of them the right to file a petition for redetermination of the estate tax deficiency, at least where, as here, the petitioning executor has been served with a notice of deficiency in accordance with the provisions of the same section.

As said in Houston Street Corp. v. Commissioner of Internal Revenue, 1936, 5 Cir., 84 F.2d 821, 822: "The purpose of creating the Board of Tax Appeals was to provide a more convenient, more equitable, and more speedy remedy to a person against whom a tax is improperly assessed and the provision is to be liberally construed. Prior thereto, no matter how arbitrary, unjust, or illegal the action of the Commissioner may have been, the person charged with the tax had only the remedy of paying the tax, asking for a refund, and then suing the collector to recover the money. It would be illogical to assume that, having extended the benefit of an appeal to the Board from the ruling of the Commissioner to a person paying his own tax, Congress intended to withhold that benefit from a person charged with the duty of paying the tax of another."

■ This being the case, rule 5(g), insofar as it imposes as a condition to the filing of a petition by one of several executors the obtaining of the signature or verification of a majority thereof, is invalid as limiting the Board's jurisdiction and as depriving the petitioner herein of a right secured to him by congressional action.

Decision reversed, and case remanded for further proceedings in accordance with this opinion.