### UNITED STATES v. WOLFF.

District Court, S. D. New York.

Dec. 14, 1938.

Lamar Hardy, U. S. Atty., of New York City (Dolores C. Faconti, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Ivan E. Maginn, of New York City, for defendant.

MANDELBAUM, District Judge.

The plaintiff moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action is brought to recover the sum of $1628.78 as additional estate tax on the Estate of Samuel Wolff, deceased, and interest.

The defendant is being sued individually and as executrix of the said estate. In her opposing affidavit, she concedes the liability of the estate for such tax, but disclaims any personal liability.

The statutes upon which this action is predicated are Revised Statutes 3466 and 3467, Title 31 U.S.C. Secs. 191, 192, 31 U.S.C.A. §§ 191, 192. After fully considering all the facts and circumstances (which for the purposes of this motion are conceded), as well as the law, I am of the opinion that there is no triable issue raised by the answer and affidavit, and the motion should be granted.

The facts at bar are closely analogous to those in the case of Morris v. Commissioner of Internal Revenue, 36 B.T.A., 516, promulgated September 8th, 1937. There, the Board of Tax Appeals, in holding an administratrix personally liable under Revised Statutes 3466 and 3467, said, page 518: "The estate of her husband of which she took as administratrix was much in excess of the amount required to pay the deficiency in tax for 1925, together with interest as provided by law. She had knowledge of that tax liability by reason of the proceeding in Docket No. 38783. Under section 3467 of the Revised Statutes, she was required to pay the tax liability of her husband and under section 3466 of the Revised Statutes, the claim of the United States had priority over other debts."

See, also, United States v. Cruikshank, et al., D.C., 48 F.2d 352; Baldwin v. Commissioner of Internal Revenue, 9 Cir., 94

F.2d 355; Hatch v. Morosco Holding Co., D.C., 56 F.2d 640; Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373.

Motion granted. Settle order on two days' notice.