**Application of LEVY.**
**No. 14886.**

United States Court of Appeals
Fifth Circuit.
June 23, 1954.
Rehearing Denied July 20, 1954.

**332**

Bernard A. Golding, Houston, Tex., for appellant.

Tom M. Davis, and Frank J. Knapp, Baker, Botts, Andrews & Shepherd, and Butler, Binion, Rice & Cook, all of Houston, Tex., for Houston Bar Ass'n.

George A. Dreyfous, New Orleans, La., amici curiae.

Before STRUM, Circuit Judge, and DAWKINS and HOOPER, District Judges.

HOOPER, District Judge.

Ben G. Levy, Appellant, filed application for admission to the Bar of the United States District Court, Southern District of Texas, and his application pursuant to Local Rules of Court was referred to a Bar Committee for investigation. After an informal investigation and upon vote of the entire Committee, an adverse recommendation was filed with the Court. Objections to this report were filed by applicant and the matter came on to be heard before three District Court Judges, who adopted the report of the Bar Committee and refused the application. As our affirmance of such order by the District Court is predicated upon procedural grounds, no attempt will be made to discuss fully the merits or demerits of applicant's cause.

The application for admission to the Bar was filed in accordance with Rule 5(b) of the Local Rules of the District Court, which provided among other things, that any attorney residing in the State of Texas, licensed by the District and the Superior Court of said State, and a member in good standing of the Texas State Bar "whose private and personal character shall be unexceptional" and who is competent to practice in said Court, may be admitted to the Bar in the manner provided by such rule. The rule provided that the application shall be referred to the Bar Committee and such Committee "in such manner as it may deem proper, shall make an investigation of the fitness, competency and qualifications of the applicant." It was provided the Committee "shall have the power given a Master of this Court under Rule of Federal Procedure 53, to summon witnesses, etc." It appears from the record that the procedure as to this Committee in the District Court had generally been informal and so it was in this instance.

Applicant filed his objections to the foregoing adverse report of the Bar Committee contending among other things, that the whole Committee was not present at the hearing thereon, that "the rationale behind the Committee's adverse recommendation, it seems fair to state, is the Applicant's 'association' with Morris Bogdanow, who, according to the Committee report, * * * is generally considered to be a member of the communist party." Further, that the Committee procedure in this instance was highly arbitrary and capricious, motivated by prejudice and reliance on wholly inadmissible evidence. Thereupon the District Court set down this matter for a hearing at which hearing the following colloquy occurred:

"Judge Kennerly:

"The matter for this afternoon is that Mr. Ben G. Levy filed his application for admission to this Bar, and it was referred to the Bar Committee, and we have a report dated September 28, 1953 from that Committee.

"I am informed, Mr. Levy, that under the rules the report of the Committee was regarded in the nature of a report from a Master in Chancery.

"As I understood the rules, Mr. Levy, had two courses open to him. One was

to re-submit the matter to the Bar Committee for any further evidence that he thought ought to be taken, and the other was to except to the report as made. He has chosen, as I understand him, to except to the report, and we are here to hear you now Mr. Levy, on your exceptions. Do you still want to pursue that course?

"Mr. Levy:

"Yes, Your Honor.

"Judge Kennerly:

"All right. You may proceed."

Applicant, thereupon, not under oath, made to the judges what might be termed a declaration as to his personal and political creed, consuming more than thirteen pages of the record, to which discourse apparently the trial judges gave patient attention. Thereupon, the following colloquy occurred:

"Judge Kennerly:

"I think, Counsel, that we indicated at the beginning of the hearing that any evidence would properly be only before the Committee, and since you have chosen the other course, of excepting to the report, why, we are not confined to listen to evidence in the case. The evidence is to be taken by the Committee.

"Mr. Levy:

"Yes, Your Honor.

"Judge Kennerly:

"But we, of course, are glad to have your statement and your views about these matters."

Thereupon applicant made further statements and at his own suggestion he was carefully questioned by members of the Three Judge Court, during the course of which he disclosed his political affiliations, his liberal views, his fraternal, religious and political connections, and even his religious beliefs. When asked whether he believed in God he answered: "I believe that there is a Supreme Being, but I wouldn't venture to say what the nature of that Supreme Being is," that he did not worship in any formalized manner. He described

his efforts in behalf of the defendants in the Rosenberg case.* He denied any communisitic connections implied from his employment by a local attorney whose reputation according to the views of the Bar Committee, was communistic.

This statement by the applicant to the Court was made at a hearing held in open court. It was not under oath, and it did not alter the fact that he was then taking exception to the report of the Committee in the nature of a report of a Master in Chancery.

It is provided by law that a Master in Chancery, unless otherwise directed by the order of reference, shall file with his report a transcript of the proceedings, of the evidence, and the original exhibits. "The court shall accept the master's findings of fact unless clearly erroneous." Any party may serve written objections thereto. "The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." See Rule 53(e) (1, 2), Federal Rules of Civil Procedure, 28 U.S.C.A.

The trial judges correctly followed the above rule, gave the applicant his choice of remedies thereunder, explained to him his right to have the matter recommitted to the Bar Committee for a full hearing before all members thereof, but applicant knowingly and voluntarily declined that suggestion and saw fit to rely upon exceptions to the report. Compare Goldsmith v. U. S. Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494.

Applicant seems to take the position that he was being tried by the Bar Committee on charges preferred against him, overlooking the principle that the burden of proof was on him pursuant to the Local Rule aforesaid, to show that his private and personal character was unexceptional.

██ He concedes that he has no constitutional right to practice law, that

that is a matter of privilege. This principle of law is so well established that it does not require discussion. See 7 C. J.S., Attorney and Client, § 4, p. 708. It is interesting to note that recently the Circuit Court of Appeals for the District of Columbia has ruled that the refusal of the District Court to grant such an application is an administrative function and it is not appealable. Brooks v. Laws, 92 U.S.App.D.C. 367, 208 F.2d 18.

The District Judges in this instance did not permanently close the doors of the court to the admission of Appellant, but expressly reserved to him the right within twelve months thereafter, to renew his application. The record evidences the apparent purpose upon the part of the District Judges to deal fairly with the applicant. All presumptions of regularity must be entertained by this Court concerning the report of the Bar Committee and the order of the Judges. Applicant was expressly offered the privilege of making a record upon which he could appeal, but declined to do so.

The order of the District Court Judges denying his application is affirmed.