277 So.2d 137 (1973)
LOUISIANA STATE BAR ASSOCIATION
v.
George C. EHMIG.
No. 53100.
Supreme Court of Louisiana.
February 19, 1973.
Rehearing Denied March 26, 1973.
*138 Louisiana State Bar Assn. Committee on Professional Responsibility, James H. Drury, Chairman, Curtis R. Boisfontaine, New Orleans, Leonard Fuhrer, Alexandria, A. Leon Hebert, Baton Rouge, Edgar H. Lancaster, Jr., Talluhah, Henry A. Politz, Shreveport, John F. Pugh, Thibodaux, A. Russell Roberts, Metairie (Recused), John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, for plaintiff-appellant.
Karno, Lockhart & Brainis, Jacob L. Karno, Metairie, for defendant-respondent.
CALOGERO, Justice.
The Louisiana State Bar Association, pursuant to Art. 15, Section 8 of the Articles of Incorporation of the Bar Association, filed a petition with this court suggesting that the respondent, George C. Ehmig, a member of the Louisiana State Bar Association, was convicted of a "serious crime,"[1] and praying that he be suspended from the practice of law in this state. We granted the suspension prayed for by the Bar Association. Respondent, George C. Ehmig has filed a motion to revoke the order of suspension.
The respondent submits a number of grounds for our consideration to obtain a revocation of the suspension ordered by this court. At the outset we find meritorious the respondent's contention that he was denied due process under the Louisiana and United States Constitutions because of the failure of the Articles of Incorporation of the Louisiana State Bar Association to afford him a hearing prior to the suspension ordered by this court.
An examination of Art. XV, Section 8 of the Articles of Incorporation (which section is applicable here) reveals that at no point prior to the granting of a suspension order is the attorney given the opportunity for a hearing at which he may present evidence and/or arguments bearing on the issue of his conviction of a "serious crime." [2] Upon learning of the conviction, *139 the Committee on Professional Conduct makes an ex parte determination that the crime is a "serious crime." Thereafter, a report of the committee is filed with this court indicating the committee's finding. Again, an ex parte adjudication is made by this court that the crime is a "serious crime," at which time this court suspends the license of the attorney pending finality of the conviction. The attorney is not given the opportunity for a hearing to present his arguments and/or evidence prior to the entry of the order of suspension. It is only after the conviction becomes final, that is, after all appeals have been exhausted (which may take years), that the attorney is given the opportunity for a hearing.[3]
It has been the uniform trend throughout the country in both federal and state courts to require that a hearing be held prior to the revocation, suspension, or modification of an existing license to engage in a business or profession. 1 Davis, Administrative Law Treatise, Section 7.18 (1958). 1 Cooper, State Administrative Law, p. 147 (1965). See also, Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494 (1926). The requirement is of constitutional dimension and is an implementation of the basic principles of the due process clause of the United States Constitution. Davis, supra.
The right to practice law (implemented through a license) is a constitutionally protected right and no attorney can be deprived of this right by a suspension or otherwise without strict adherence to basic constitutional principles of procedural due process. Fuentes v. Shevin, 407 U.S. 67, *140 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Schware v. Board of Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). Where there are issues of adjudicative fact involved, that is, facts relating to the particular individual, basic procedural due process requires that the individual be afforded the opportunity to be heard at a formal hearing prior to any curtailment of his right. See 1 Davis, Administrative Law Treatise, Section 7, 18, p. 494 (1958).
Although it has been recognized that emergency or temporary action can be used to suspend or curtail certain rights pending a hearing on the matter, this type of action is to be allowed only where the public health and safety are involved. See 1 Davis, Administrative Law Treatise, Section 7.08 (1958). We find that such emergency action is not appropriate in the case of an attorney who has been convicted of a crime; the public health and safety are not involved to the extent necessary to justify a suspension of his license without a prior hearing.
We hold that the Articles of the Louisiana State Bar Association (Art. 15, Section 8), insofar as they allow the suspension of an attorney from the practice of law because of his conviction of a "serious crime" without affording him a prior hearing on the issue are in violation of the due process provisions of the United States Constitution and Art. I, Section 2 of the Louisiana Const. of 1921. The record in the instant case plainly discloses that the respondent, George C. Ehmig, was suspended from the practice of law, without a prior opportunity for a hearing. Accordingly, his suspension from the practice of law must be revoked.
We note that the rules of the Louisiana State Bar Association require, in cases which do not involve the conviction of a crime, a formal investigative hearing prior to the institution of an action to suspend or disbar the attorney. Articles of Incorporation of the Louisiana State Bar Association, Art. 15, Section 4. We see no reason why this requirement should be relaxed (as it is in Section 8) where the grounds for the suspension are that the attorney has been convicted of a crime.
For the reasons assigned, the motion of respondent, George C. Ehmig, requesting a revocation of the suspension order is hereby granted, and this matter is remanded to the Louisiana Bar Association for further proceedings consistent with the opinion expressed herein.
HAMLIN, C. J., concurs in the result.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
The majority is of the opinion that a hearing must be had before the attorney who has been convicted of a felony may be suspended from the practice of law pending the finality of that conviction. Under the clear language of the rule relied upon a hearing is not warranted.
The Committee on Professional Responsibility is required to obtain certificates of conviction from the proper court. "The Committee shall then make a determination whether or not the crime of which the attorney has been convicted constitutes a serious crime. The term `serious crime' means a felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney's moral fitness to practice law.
"It will be necessary for the Committee in determining whether or not the crime constitutes a `serious crime,' to study the statute defining the crime, particularly if the crime involves the violation of a statute of the Federal Government or another state or jurisdiction." Article 15, Section 8(2), of the Articles of Incorporation of the Louisiana State Bar Association. (Emphasis supplied.)
No evidence may be adduced before the Committee or the Louisiana Supreme Court for determining whether a "serious crime" has been committed which warrants immediate suspension other than the certificates *141 of conviction and the language of the statute under which the conviction was had. Such a provision is not unconstitutional, and certainly a hearing to make this determination would avail the claimant nothing. The statutory language of the criminal definition is all-encompassing of this determination of an interim suspension from practice.
I respectfully dissent.
PER CURIAM.
The Louisiana State Bar Association has filed an application for rehearing seeking "a clarification as to the exact holding of the Court".
For clarity we restate the holding as follows: Before the Committee on Professional Responsibility can petition the Court for suspension of an attorney whose conviction is not final under Section 8 of Article XV, Articles of the Louisiana State Bar Association, it must hold a contradictory hearing and determine that the conviction involves a "serious crime".
Our holding does not otherwise affect the present operations of the Committee on Professional Responsibility.
The application for rehearing is denied.
NOTES
[1] The respondent was convicted of violation of 26 U.S.C.A. § 7206(1), which makes it unlawful for anyone to willfully make any return, statement or other document, which contains a declaration that it is made under the penalty of perjury, and which he does not believe to be true and correct as to every material matter. He was sentenced to 2 years, but the trial judge suspended 18 months of this period at the time of sentencing.
[2] The full text of Section 8, Art. 15 of the articles of incorporation provides:

"The following rules shall be applicable when a respondent has been convicted of a crime, to-wit:
(1) Upon learning that an attorney has been convicted of a crime, whether the conviction results from a plea of guilty or nolo contendere or a verdict after trial, the Committee on Professional Responsibility may secure a certificate of such conviction from the applicable Clerk of Court.
If the conviction is obtained in a Court of another state or a Federal Court, the Committee upon learning of the conviction, shall obtain two (2) copies of a certificate of conviction from the proper Court, and shall retain one (1) copy and may forward the other copy to the Supreme Court.
(2) The Committee shall then make a determination whether or not the crime of which the attorney has been convicted constitutes a serious crime. The term `serious crime' means a felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney's moral fitness to practice law.
It will be necessary for the Committee in determining whether or not the crime constitutes a `serious crime,' to study the statute defining the crime, particularly if the crime involves the violation of a statute of the Federal Government or another state or jurisdiction.
(3) Upon completing its determination as to whether or not the crime constitutes a `serious crime,' the Committee shall file a written report with the Supreme Court, setting forth its findings and conclusions.
(4) If the Supreme Court should concur with the opinion of the Committee that the crime of which the attorney has been convicted constitutes a serious crime, the Supreme Court may suspend the respondent from the practice of law and order the Committee to institute the necessary disciplinary proceedings, provided however, that the disciplinary proceedings so instituted will not, unless requested by the accused, be brought to a hearing until all appeals from the conviction are concluded.
(5) If the Committee in its report to the Supreme Court has concluded that the crime of which the attorney has been convicted is not a serious crime, or if the Supreme Court should determine independently that the crime is not a serious crime, the Supreme Court will refer the matter back to the Committee.
(6) An attorney will be reinstated immediately on the reversal of his conviction for a serious crime that has resulted in his suspension, but the reinstatement will not terminate any disciplinary proceedings then pending against the attorney.
(7) After the conviction has become final, that is, all appeals have been concluded or exhausted, the procedure shall be as follows:
(a) The Committee will file a petition in the Supreme Court seeking disbarment or any other remedy that the Committee deems appropriate, and the petition will be served upon the respondent in the same manner as in ordinary proceedings.
(b) When issue is joined by answer by the respondent, a Commissioner will be appointed by the Supreme Court to represent the Court in the same manner as in ordinary proceedings.
(c) At the hearing before the Commissioner, the certificate of the conviction of the respondent shall be conclusive evidence of his guilt of the crime for which he has been convicted.
(d) At the hearing based upon a respondent's conviction of a crime, the sole issue to be determined shall be whether the crime warrants discipline, and if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime.
(8) Except as provided hereinabove in this Section, the procedure with reference to proceedings based on a conviction of a crime, shall be conducted in the same manner as in ordinary proceedings."
[3] Under paragraph (4) of Section 8, the attorney may request that disciplinary proceedings against him be commenced prior to the finality of the conviction, at which time he will be afforded a hearing. However, this hearing comes too late; it is after the order of suspension has been entered and he is precluded from practicing law during the interval between the suspension and the hearing.