# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2014

Lyle W. Cayce
Clerk

MARIA EUGENIA STANLEY ROMERO,

Plaintiff–Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE, Eric Holder, Jr., in His
Official Capacity as Attorney General of the United States; EXECUTIVE
OFFICE OF IMMIGRATION REVIEW, Juan P. Osuna, in His Official
Capacity as Director; BOARD OF IMMIGRATION APPEALS, David L. Neal,
in His Official Capacity as Chairman; EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, OFFICE OF THE GENERAL COUNSEL, Scott
Anderson, Deputy Disciplinary Counsel,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-359

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Maria Eugenia Stanley Romero ("Romero") appeals
the district court's dismissal of her claims alleging that the Executive Office

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-20363

for Immigration Review ("EOIR") violated the Administrative Procedures Act ("APA") when it amended the regulations prescribing when law students and unlicensed law graduates can represent individuals before immigration courts. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Legal Background

The EOIR is the federal agency within the Department of Justice that oversees immigration courts and supervises the Board of Immigration Appeals ("BIA"), the Office of the Chief Immigration Judge, and the Office of the Chief Administrative Hearing Officer.  8 C.F.R. §§ 1003.0(a), 1003.9.  On July 30, 2008, the EOIR proposed several changes to the rules and procedures governing who may appear before immigration judges and the BIA. Professional Conduct for Practitioners, 73 Fed. Reg. 44,178 (July 30, 2008). Specifically, the EOIR proposed to amend the language of 8 C.F.R. § 1292.1(a)(2), which governs when law students and law graduates not yet admitted to the bar may appear in a representative capacity before immigration judges and the BIA.  73 Fed. Reg. at 44,180.  The proposed rule sought "to clarify that law students and law graduates must be students and graduates of accredited law schools in the United States."  73 Fed. Reg. at 44,180.  In addition, although the existing regulations contained rules governing disciplinary procedures for practitioners who engaged in unethical behavior before the EOIR, the proposed rules also sought to "increase the number of grounds for discipline and improve the clarity and uniformity of the existing rules while incorporating miscellaneous technical and procedural changes."  73 Fed. Reg. at 44,178.

After a comment period, the EOIR published the final rules on December 18, 2008.  Professional Conduct for Practitioners, 73 Fed. Reg. 76,914 (Dec. 18, 2008).  The final rules included the change to 8 C.F.R. § 1292.1 and required

2

that unlicensed law graduates and law students who practiced before the EOIR be graduates of or students at accredited United States law schools. 73 Fed. Reg. at 76,927 (to be codified at 8 C.F.R. § 1292.1(a)(2)). Although the amended rules were published in the Federal Register, an error was made when printing the new rules in the Code of Federal Regulations ("C.F.R."). Text relating to the disclosure of information during preliminary inquiries appeared instead of the newly clarified rule. After the EOIR discovered the mistake, it printed a correction to the C.F.R. *See* Professional Conduct for Practitioners, 76 Fed. Reg. 81,789 (Dec. 29, 2011).

### B. Factual Background[1]

Romero is a graduate of a Venezuelan law school, and at the time of the facts giving rise to this lawsuit, Romero was not licensed to practice law before any United States jurisdiction. In 2011, the EOIR received a complaint from the Department of Homeland Security ("DHS") about Romero's appearance before an immigration judge. Also in 2011, the BIA forwarded the EOIR a letter from Stephen Mock ("Mock"), an attorney licensed to practice in Texas, seeking to substantiate Romero's qualifications to appear before the EOIR. DHS subsequently filed a complaint with the EOIR that Mock was assisting Romero in the unauthorized practice of law before the EOIR.

After conducting an investigation, the EOIR determined that, throughout 2010 and 2011, Romero had repeatedly held herself out as an attorney when appearing before the EOIR representing individuals in removal proceedings. It concluded that Romero had also entered pleadings, examined witnesses, and submitted documentation indicating that she was an attorney.

---

[1] As in the district court, Romero does not include a concise recitation of the factual background in her brief. As the district court did, we rely on the documents Romero submitted to the district court that are included in the record to piece together the facts giving rise to her claims.

No. 13-20363

After completing its investigation, the EOIR sent Romero a letter informing her that it had determined she did not meet the requirements in the regulations to practice before the EOIR.  Specifically, the EOIR informed Romero that, pursuant to 8 C.F.R. § 1292.1(a)(2), law students and unlicensed law graduates must be students and graduates of an accredited *United States* law school in order to appear before the EOIR under the supervision of a licensed attorney.  The EOIR ordered Romero to cease and desist.

### C.  Procedural Background

On February 7, 2012, Romero, proceeding pro se, filed a complaint alleging that the EOIR had violated the APA when it amended the rules governing who can appear before the EOIR.  After the Defendants filed a motion to dismiss, Romero filed an amended complaint.  Romero claimed, *inter alia*, that the printing error in the C.F.R. deprived her of notice of the amended rule and, because the EOIR lacked the authority to make the rule change, it had acted arbitrarily and capriciously and abused its discretion.[2]

In its March 21, 2013 order, the district court granted the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted for all of Romero's claims except for her allegation that the EOIR abused its discretion.  The district court found that under the APA, 5 U.S.C. § 553, administrative agencies are only required to publish final rules in the Federal Register.  Thus, despite Romero's complaints about the printing error in the

---

[2] Romero also claimed: (1) the changed rule was issued without proper analysis under the Regulatory Flexibility Act, 5 U.S.C. § 601; (2) the rule was issued without due regard for Executive Orders 13132 and 13563; and (3) the new rules failed to cite administrative authority.  The district court dismissed all of these allegations for failing to state a claim upon which relief can be granted.  Romero does not press these three arguments on appeal, and so those arguments are waived.  *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) ("It is a well worn principle that the failure to raise an issue on appeal constitutes waiver of that argument." (citing *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000))).

No. 13-20363

C.F.R., the EOIR had complied with the APA's requirements, and so the district court found that Romero had failed to state a claim upon which she could be granted relief. Next the district court dismissed Romero's claims that the EOIR lacked authority to promulgate the rule requiring that unlicensed law graduates be graduates of an accredited U.S. law school in order to appear before the EOIR. Citing *Goldsmith v. United States Board of Tax Appeals*, 270 U.S. 117 (1926), the district court found that the EOIR has the authority to govern who can practice before immigration courts. The EOIR derives its power to control who practices before immigration courts from its power to oversee the administration of those courts pursuant to 8 U.S.C. §§ 1103 and 1362, and so the district court concluded that Romero could not make out a valid claim that the EOIR lacked authority to promulgate the rule change. The district court, however, found that the Defendants had failed to address Romero's claims that the EOIR had acted arbitrarily and capriciously, and so it refused to grant the Defendants' motion to dismiss as to that claim.

The court subsequently granted the Defendants' motion for leave to file additional briefing. After the Defendants submitted their additional briefing, the district court took up the Defendants' motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to Romero's claim that the EOIR abused its discretion and acted arbitrarily and capriciously. In its June 10, 2013 order, the district court granted the motion and dismissed Romero's remaining claim. The district court found that Romero failed to provide enough factual support to put the Defendants on notice of the basis of her substantive claims. Because the EOIR was simply following and enforcing its own rule, the district court reasoned, it could not be acting arbitrarily and capriciously. Further, the EOIR had met the minimal requirement that it provide reasons for its actions by explaining the rationale underlying the rule change in the Federal Register. Thus, as a legal matter, even assuming all of Romero's

5

pleadings were true, they did not "give rise to a legal cause of action," and so the district dismissed Romero's remaining claim.

Romero timely appealed.

## II.  JURISDICTION

The district court provided a detailed discussion of the basis for its jurisdiction, and we adopt its reasoning here.  This is an appeal of a final judgment from a district court, and so this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III.  STANDARD OF REVIEW

This Court reviews the district court's grant of a motion to dismiss and motion for judgment on the pleadings de novo.  *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  The standard for deciding a 12(b)(6) motion to dismiss is the same as the standard for deciding a 12(c) motion for judgment on the pleadings.  *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  "Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face."  *Jebaco*, 587 F.3d at 318 (citation and internal quotation marks omitted).  The complaint must also do more than allege labels and conclusions. *Id.* (citation and internal quotation marks omitted).  "[A] formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citation and internal quotation marks omitted).

## IV.  DISCUSSION

We construe Romero's brief as making three arguments on appeal: (1) the EOIR did not correctly promulgate the change to 8 C.F.R. §1292.1(a)(2); (2) the EOIR lacked the authority to make the rule change; and (3) the EOIR

arbitrarily and capriciously accused her of the unauthorized practice of law. We address each in turn.[3]

## A. Whether the EOIR correctly promulgated the change to 8 C.F.R. §1292.1

She argues that the EOIR failed to promulgate the change to 8 C.F.R. § 1292.1(a)(2) correctly and that the change violated several statutes, including 5 U.S.C. §§ 553 and 1105 and 44 U.S.C. §§ 1505 and 1507. As she did before the district court, Romero also points to the publication error in the C.F.R. and claims that the printing error deprived her of notice.

We agree with the district court that Romero has failed to state a claim upon which relief can be granted. The APA's rule-making requirements appear in 5 U.S.C. § 553. Those rules make clear that the APA only requires administrative agencies to publish general notice of proposed rule making in the Federal Register, *see* 5 U.S.C. § 553(b), and the EOIR complied with that rule, *see* 73 Fed. Reg. at 44,189. While there was an error in printing the final rule in the C.F.R., the final rule was correctly published in the Federal Register. *See* 73 Fed. Reg. at 76,927. Publication in the Federal Register provides notice to those affected by the rule. *See* 44 U.S.C. § 1507; *see also Lyng v. Payne*, 476 U.S. 926, 942–43 (1986) (explaining that publication in the Federal Register "was more than ample to satisfy any due process concerns"). Thus, the EOIR complied with the publication requirements of the APA, and Romero received notice as a matter of law. The district court properly dismissed this claim.

## B. Whether the EOIR lacked authority to make this rule change

---

[3] Romero also appears to argue before this Court that the change to 8 C.F.R. § 1292.1(a)(2) violates the Equal Protection clause. Romero failed to make this argument in the district court. Following "[t]he general rule of this court . . . that arguments not raised before the district court are waived," *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010), we do not consider that argument on appeal.

No. 13-20363

Romero also argues that the EOIR lacked the authority to promulgate the change to 8 C.F.R. § 1292.1(a)(2) requiring that law students and unlicensed law graduates be students or graduates of a U.S. law school in order to practice, with a licensed attorney's supervision, before the EOIR.  She claims that the EOIR has "eliminat[ed] the term or concept of foreign law graduates."  Romero also argues that the rule change contradicts congressional intent to gain a pool of qualified practitioners who can appear before immigration courts.  Giving Romero's pro se brief a liberal construction, we view this as an argument that the EOIR violated 5 U.S.C. § 706(2)(A) when it made this rule change.  *See* 5 U.S.C. § 706(2)(A) (directing the reviewing court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

As the Supreme Court recently explained, "[w]hen an administrative agency sets policy, it must provide a reasoned explanation for its action.  That is not a high bar, but it is an unwavering one." *Judulang v. Holder*, 132 S. .Ct. 476, 479 (2011).  When conducting this review, our scope is "narrow," and we cannot "substitute [our] judgment for that of the agency." *Id.* at 483 (citation omitted).

We hold that the EOIR did not violate 5 U.S.C. § 706(2)(A) when it made this rule change.  The EOIR gave reasons for its decision to amend the rule and to require that law students and unlicensed law graduates be students and graduates of United States law schools in order to appear before the EOIR. *See* 73 Fed. Reg. at 44,185 ("The rule on appearances by law students and graduates was promulgated with the intent that such individuals would provide representation only under proper supervision and within the context of pro bono representation sponsored by an accredited law school or a non-profit organization."); *id.* (explaining that the original rule "was not intended to permit graduates of foreign law schools to practice law before EOIR without

becoming duly licensed in the United States" and that the amended rule would clarify that); 73 Fed. Reg. at 76,916 ("[T]he [amended] rule will allow EOIR to investigate and prosecute instances of misconduct more effectively and efficiently."). Given the narrow scope of our review and the clear reasons the EOIR gave for amending the rule, we agree with the district court that Romero cannot gain relief on this ground.

## C. Whether the EOIR acted arbitrarily and capriciously in accusing Romero of the unauthorized practice of law

Finally, Romero claims that the EOIR acted arbitrarily and capriciously when it accused her of the unauthorized practice of law and that the EOIR accused her without investigation and without fact finding.[4] We again agree with the district court that Romero has failed to state a claim upon which she can be granted relief. The EOIR has the authority to regulate the conduct of practitioners who appear before it. *See* 8 U.S.C. §§ 1103, 1362; *see also Goldsmith*, 270 U.S. at 121–23 (holding that an agency, which has the authority to set general rules governing hearings before it, has the power to create and enforce rules limiting who can practice and appear before the agency); *Koden v. U.S. Dep't of Justice*, 564 F.2d 228, 235 (7th Cir. 1977) (holding that the BIA and the Immigration and Naturalization Service have the authority to bar a practitioner from appearing before it). When the EOIR sent Romero the cease and desist letter, it was regulating the conduct of those who appear before it, exactly as it is authorized to do. In addition, Romero's only support for her allegation that the EOIR acted arbitrarily and capriciously is her claim that the EOIR sent her the cease and desist letter without investigation and fact-finding—but the record shows that the EOIR conducted

---

[4] On appeal, Romero for the first time claims that she is currently enrolled in an L.L.M. program at an accredited United States law school. Romero's *current* enrollment, however, has no impact on the issues and facts in this appeal.

an investigation into Romero and gave her time to respond to the allegations. Thus, the district court was correct to dismiss this claim.

## V.  CONCLUSION

For the foregoing reasons, we AFFIRM.