Nanette GRIFFETH, Individually, and on behalf of all others similarly situated, Plaintiffs,

v.

Homer DETRICH, Director of the Department of Public Welfare of San Diego County, Ruben E. Dominguez, Administrator of the Human Resources Agency of San Diego County, the Board of Supervisors of San Diego County, Jack Walsh, Supervisor, Dick Brown, Supervisor, Lou Conde, Supervisor, Jim Bates, Supervisor, and Lee R. Taylor, Supervisor, Defendants.

Civ. No. 76–0850–S.

United States District Court, S. D. California.

March 29, 1978.

Victor Harris, Theresa J. Player, Charles Wolfinger, Jr., of Legal Aid Society of San Diego, Inc., San Diego, Cal., for plaintiffs.

Donald L. Clark, County Counsel, William D. Smith, Deputy County Counsel, San Diego, Cal., for defendants.

## MEMORANDUM DECISION

EDWARD J. SCHWARTZ, Chief Judge.

Plaintiffs have filed this class action for declaratory and injunctive relief on behalf of all persons whose applications for General Relief in San Diego County have been denied since August 25, 1976, or will be denied in the future. The defendants are the Director of the San Diego County Department of Public Welfare, the Assistant Chief Administrative Officer of the San Diego County Human Resources Agency, and the individual members of the San Diego County Board of Supervisors. The case has been submitted ᵗo the court on cross

motions for summary judgment. Plaintiffs request a declaratory judgment that defendants' current system of administrative review violates their rights to procedural due process under the Fourteenth Amendment. In this motion, they seek relief under 42 U.S.C. § 1983 and base the court's jurisdiction on 28 U.S.C. § 1343(3). Defendants argue that the existing system of review meets the minimal constitutional requirements of procedural due process. Neither side raises a genuine issue as to any material fact.

After reviewing the memoranda of points and authorities, all files, papers and records submitted in this action, the court finds that defendants are entitled to judgment as a matter of law. The interest of an applicant who is denied General Relief in San Diego County does not rise to the level of a property right or claim of entitlement deserving of an evidentiary hearing before aid can be denied. Accordingly, the court grants defendants' motion for summary judgment.

### I. *General Relief in San Diego County*

General Relief is the name given to the state mandated but locally financed and administered system of relief for the incompetent, indigent and incapacitated in California. Cal.Welf. & Inst.Code § 17000. To implement General Relief, California requires each county to adopt standards of aid and care for its indigent residents. Cal. Welf. & Inst.Code § 17001. Hence, the standards may vary from county to county. General Relief is designed to provide a local system of aid for those residents unable to rely on private means of support and unqualified for other programs of public welfare.

In San Diego County, the Board of Supervisors has the duty to provide General Relief benefits. The Board adopts basic policies for the program and delegates the daily administrative duties to the Department of Public Welfare. The basic policies and their implementing regulations are in-

corporated in the county's General Relief Program Guide (hereinafter cited as "PG").

The Board has determined that the standard of need for a single person living alone is $120 per month. (PG § 90–600 *et seq.*) This amount refers to the level of support thought by the Board to constitute a minimum income for living in San Diego County. Very briefly, an individual becomes eligible for General Relief if (1) his income is less than his standard of need; (2) his assets are minimal (PG § 90–103.3); (3) he is willing to work, if able (PG § 90–800 *et seq.*); (4) he is a resident of the county (PG § 90–103.2); and (5) he is ineligible for other benefit programs (PG § 90–104.2). The county requires the applicant to supply various documents in order to validate the applicant's identification and residency and his financial and employment status. (PG §§ 90–103, 104) Together with the application for General Relief and an interview with an eligibility worker, the county uses these documents to screen out those individuals deemed ineligible for the program.

The dispute in this case focuses on those procedures used by the county in its handling of applicants who are denied the benefits of General Relief. Denied applicants receive printed Form 501 which contains a short space for the reasons why the applicant failed to receive aid. Form 501 informs the applicant of his right to an administrative review of the decision and warns that the review must be requested within four working days. Although such a review is not required by state law, the county provides the review procedure (§ 90–940.1) to catch mistakes made by the applicant or the eligibility worker at the time of application. The review consists of a 10–30 minute interview between the applicant and a General Relief supervisor. This informal hearing results in a re-evaluation of the application or a confirmation of denial. The supervisor is required to give the applicant a short written explanation of the result of the review. *Id.*

Does this system of administrative review meet the minimum procedural due process

requirements mandated by the Fourteenth Amendment? Plaintiffs argue that the pretermination evidentiary hearing required by the Supreme Court in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) should be applied to protect denied applicants for General Relief in San Diego County. Such an evidentiary hearing would include: (1) timely and adequate notice detailing the reasons for denial; (2) an effective opportunity to the applicant to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally; (3) retained counsel, if desired; (4) an impartial decisionmaker; (5) a decision resting solely on the legal rules and evidence adduced at the hearing; and (6) a statement of reasons for the decision and the evidence relied on. *Id.* at 266–71, 90 S.Ct. 1011. *Mathews v. Eldridge,* 424 U.S. 319, 325 n. 4, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Defendants oppose an extension of *Goldberg*'s protection of terminated *recipients* of welfare to denied *applicants* for General Relief. The Supreme Court has not ruled on the issue. *Wheeler v. Montgomery,* 397 U.S. 280, 284–85, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970) (Burger, C. J., dissenting).

## II. *Procedural Due Process*

The Fourteenth Amendment prohibits any state from depriving any person of "life, liberty, or property, without due process of law." The concern in this case is whether denial of General Relief without a full evidentiary hearing deprives the applicant of "property" protected by the Fourteenth Amendment's due process requirement. A two step analysis is useful in such cases where the deprived property is a governmental benefit. *Geneva Towers Tenants Organization v. Federated Mortgage Investors,* 504 F.2d 483, 488 (9th Cir. 1974). First, the court must determine whether the interest at issue is a constitutionally protected "property" or "liberty". *Id.* Second, if it is a protected interest, the beneficiary's interest in avoiding loss must

be balanced against the government's interest in summary adjudication. *Id.* See *Mathews v. Eldridge, supra,* 424 U.S. at 335, 96 S.Ct. 893. Plaintiffs have failed to overcome the first hurdle. An applicant's interest in General Relief does not rise to that level of "property" given full procedural protection by the Fourteenth Amendment.

### A. *Protected Property Interests*

Although flexible and expansive, the "range of interests protected by procedural due process is not infinite." *Board of Regents v. Roth,* 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). There can be no doubt that General Relief provides an important, often crucial source of support for the indigent. The court is constrained, however, to measure and consider the *nature* rather than the "weight" of the interest at stake. *Id.* at 571, 92 S.Ct. 2701 (emphasis in original).

In this regard, the Supreme Court's language is instructive.

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a *legitimate claim of entitlement to it.* It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

*Id.* at 577, 92 S.Ct. at 2709 (emphasis added). The task, then, is to determine whether the class of plaintiffs in this case have a "legitimate claim of entitlement" to General Relief.

Past due process distinctions between rights and privileges are no longer helpful. *Id.* at 571, 92 S.Ct. 2701; *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Graham v. Richardson,* 403 U.S. 365, 374, 91 S.Ct. 1848, 29 L.Ed.2d

534 (1971). Similarly, rigid, mechanically drawn distinctions between the rights of an applicant and the rights of a recipient are more convenient than convincing. *Cf. Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Goldsmith v. Board of Tax Appeals,* 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494 (1926). The court must instead look clearly to the nature of the property interest at issue in each particular case.

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709. Because General Relief is a creature of state law which is given its form and dimension by California's counties, the court must turn to California law to analyze the "nature" of an applicant's interest in General Relief.

### B. The Claim for General Relief in California

■ It must be said at the outset that the court is unable to cite any ready source of California law which labels or excludes an application for General Relief as a "property interest" or "claim of entitlement" for purposes of Fourteenth Amendment protection. This absence of ready authority is not surprising given the elusiveness of an easy definition either for "property", an evolving concept, or for "claim of entitlement", a newly created constitutional term. *See Geneva Towers Tenants Organization v. Federated Mortgage Investors, supra,* 504 F.2d at 493–94 (Hufstedler, J., dissenting). The court must, therefore, locate and interpret the characteristics of General Relief to analyze the nature of that program of aid. These characteristics combine to suggest that an applicant for General Relief does not possess a property interest or claim of entitlement worthy of a full evidentiary hearing. An applicant's expectation of General Relief is insufficient to trigger those protective procedures mandated for the welfare recipients whose benefits were threatened in *Goldberg v. Kelly, supra,* 397 U.S. at 266–71, 90 S.Ct. 1011.

The first important characteristic of General Relief is its diverse and variable nature within California. As mentioned, California requires a General Relief system but leaves it to the counties to fund and administer the program. Cal.Welf. & Inst.Code §§ 17000, 17001. Each county may establish its own definition of the indigency level needed to qualify for General Relief. Cal. Welf. & Inst.Code § 17107. Nor does the state require the counties to grant any specific type of relief or to pay any specific amount of money at any prescribed time. *County of Los Angeles v. Department of Social Welfare,* 41 Cal.2d 455, 458, 260 P.2d 41 (1953); *Patten v. San Diego County,* 106 Cal.App.2d 467, 470, 235 P.2d 217 (1951). Indeed, the General Relief programs in California have been described as a "complex patchwork" of different programs with diverse goals and procedures. *See* Note, The Rejected Applicant for General Relief and His Right to a Review, 25 Hast.L.J. 678 (1974).

Such variety among the programs of General Relief in California tends to undermine the notion that an applicant has a "property interest" or "legitimate claim of entitlement." A poor person might expect or trust that some form of relief is available. But because the type, timing and amount of such relief is so variable, it is difficult to find that an applicant possesses a property interest in that relief. Similarly, one need not jump from the fact that the state mandates General Relief to the conclusion that an applicant has a claim of entitlement to it. In reality, the counties define just who it is who qualifies for a "legitimate claim of entitlement" to General Relief. Until the applicant proves his

eligibility under a particular county's guidelines, he has no legitimate claim.

A second element bearing on the status of an application for General Relief is the system of welfare hearings given to dissatisfied applicants and recipients of public social services in California. The state provides a general opportunity for a fair hearing if "any applicant for or recipient of public social services is dissatisfied with any action of the county department relating to his application for or receipt of aid or services." Cal.Welf. & Inst.Code § 10950. General Relief, however, is specifically exempted from this general hearing requirement. *Id.* Absence of a hearing right does not exclude *ipso facto* the possibility that an applicant may have a property interest in General Relief. But, such a specific exemption from the hearing requirement by state statute can be interpreted to diminish the stature of General Relief under California law. In terms of a hearing for denial or termination of benefits, General Relief has thus been placed below other welfare programs existing in California.

Lastly, the California courts have chosen not to extend the benefits of an evidentiary hearing to applicants denied General Relief. *Zobriscky v. Los Angeles County,* 28 Cal. App.3d 930, 105 Cal.Rptr. 121 (1972). In that case, the plaintiff filed suit against Los Angeles County to contest its refusal to grant him an evidentiary hearing after the denial of his application for General Relief. *Id.* at 932, 105 Cal.Rptr. 121. The court denied the request for hearing by arguing that such hearings would result in an overwhelming burden on government. *Id.* at 933, 105 Cal.Rptr. 121.

█ *Zobriscky* does not bind this court on *res judicata* grounds because the specific policies of San Diego County were not challenged in that case. Neither is the state court's interpretation of the due process requirements of the Fourteenth Amendment binding on this court. Indeed, the opinion does not provide much illumination of the nature of General Relief in California. The opinion is, at a minimum, however, instructive of the state court's view that General Relief is a public benefit similar to other benefits which are not deserving of an evidentiary hearing prior to their denial. *See, id.* at 932–33, 105 Cal.Rptr. 121. This viewpoint again places General Relief applicants in a position below welfare recipients in terms of procedural protection under California law.

Together, these characteristics of General Relief in California undercut the belief that an applicant for General Relief has a "property interest" or "legitimate claim of entitlement" to the desired aid. Without the existence of such a property interest, the plaintiffs fail to pass the threshold step of the requirements of procedural due process under the Fourteenth Amendment. *See Geneva Towers Tenants Organization v. Federated Mortgage Investors, supra,* 504 F.2d at 488. This finding does not mean to preclude a class of applicants for some other governmental benefit from proving their property interests in that benefit. Rather, the court holds only that applicants for General Relief in San Diego County do not have a constitutional right to an evidentiary hearing prior to denial of their applications for aid. *Compare Alexander v. Silverman,* 356 F.Supp. 1179 (E.D.Wis.1973); *Barnett v. Lindsay,* 319 F.Supp. 610 (D.Utah 1970) (three judge court).

### III. *Remedies Available to Denied Applicants*

Although applicants denied General Relief are not entitled to an evidentiary hearing as a matter of constitutional law, they are not without recourse. San Diego County's system of administrative review (PG § 90–940.1) furnishes a first vehicle for reconsideration of an applicant's denial. Though informal, the process provides an opportunity for the applicant to support and document his claim and an opportunity for the county to correct errors made early in the eligibility screening process.

A second course open to the denied applicant is simply to reapply for General Relief. Prior denial does not prevent reapplication.

A third, more ambitious course, is to seek judicial relief. The *Zobriscky* court, 28 Cal. App.3d 930, 933, 105 Cal.Rptr. 121, explicitly emphasized the applicant's freedom to apply for judicial relief in the California courts to ensure that the county has acted fairly and has followed its own standards. *See also Adkins v. Leach,* 17 Cal.App.3d 771, 95 Cal.Rptr. 61 (1971). If an applicant can make a *prima facie* showing that his application has been improperly denied, the courts are authorized to remedy the injustice suffered. *Zobriscky v. Los Angeles County, supra,* 28 Cal.App.3d at 933, 105 Cal.Rptr. 121. An appeal for judicial intervention can also challenge a county's more discretionary policy making decisions for General Relief. The courts have not hesitated to step in when a county's administration of General Relief has been found to be in conflict with the statutory goals for the General Relief program. *See, e. g., Mooney v. Pickett,* 4 Cal.3d 669, 94 Cal.Rptr. 279, 483 P.2d 1231 (1971); *Bernhardt v. Board of Supervisors,* 58 Cal.App.3d 806, 130 Cal. Rptr. 189 (1976); *City and County of San Francisco v. Superior Court,* 57 Cal.App.3d 44, 128 Cal.Rptr. 712 (1976). Thus, an aggrieved applicant who is denied General Relief in San Diego County is not foreclosed from using a variety of procedural safeguards for his interests. He is foreclosed only from a constitutional right to a full evidentiary hearing before his application for General Relief may be denied.

THEREFORE, IT IS ORDERED that plaintiffs' motion for summary judgment is hereby denied and defendants' motion for summary judgment is hereby granted.

IT IS FURTHER ORDERED that plaintiffs' class action for declaratory and injunctive relief is hereby dismissed.