Nanette GRIFFETH, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

Homer DETRICH, Director of the Department of Public Welfare of San Diego County, et al., Defendants-Appellees.

No. 78–2362.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1979.

Charles Wolfinger, Jr. (argued), Theresa J. Player (on brief), Legal Aid Society of San Diego, Inc., San Diego, Cal., for plaintiffs-appellants.

William D. Smith, Deputy County Counsel, San Diego, Cal., for defendants-appellees.

Before SNEED and HUG, Circuit Judges, and FERGUSON,* District Judge.

FERGUSON, District Judge:

This is an appeal from the district court's grant of summary judgment in favor of defendants. *Griffeth v. Detrich*, 448 F.Supp. 1137 (S.D.Cal.1978). The district court certified this suit as a class action in behalf of "all persons whose applications for General Relief benefits have been denied by the San Diego County Department of Public Welfare since August 25, 1976, or whose applications will be so denied in the future." Plaintiffs brought suit under 42 U.S.C. § 1983 challenging the constitutionality of the County's procedure for review of benefit applications. The district court held that an applicant does not have " 'a property interest' or 'legitimate claim of entitlement' to the desired aid." *Id.* at 1141. This court holds that they have and the case is remanded for determination of what process is due to protect that property interest.

*Facts*

Sections 17000 and 17001 of the California Welfare & Institutions Code (West) mandate San Diego County's General Relief program:

§ 17000. Residents

Every county and every city and county shall relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident, lawfully resident therein, when such persons are not supported and relieved by their relatives or friends, by their own means, or by state hospitals or other state or private institutions.

§ 17001. Standards

The board of supervisors of each county, or the agency authorized by county charter, shall adopt standards of aid and care for the indigent and dependent poor of the county or city and county.

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

These statutes and the regulations promulgated by the County define the eligibility conditions for obtaining benefits under the County's General Relief program. While counties have discretion in setting eligibility standards, these standards "must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose." *Mooney v. Pickett*, 4 Cal.3d 669, 679, 94 Cal.Rptr. 279, 285, 483 P.2d 1231, 1237 (1971).

In San Diego, the County Board of Supervisors has delegated responsibility for administration of the County's General Relief program to the Department of Public Welfare and its director. Administrative Code of the County of San Diego, §§ 252 and 256. The Board adopts the basic policies while the Department issues the implementing regulations. These regulations are incorporated into the General Relief Program Guide ("PG") which sets forth the criteria and procedures for establishing eligibility.

Plaintiff Griffeth applied to the Department for general relief on August 18, 1976. She had been fired as a waitress because her employer claimed her dress was improper. Plaintiff Griffeth at the screening interview for general relief benefits disputed the alleged impropriety. Her application, however, was denied because she was "apparently fired for cause." Plaintiff requested and received an administrative review. A supervisor reviewed plaintiff's file and once tried unsuccessfully to reach her former employer. The supervisor denied her application.

Intervenors John and Mildred Tebo applied for general relief on November 3, 1976. Their applications were denied for failure to meet the residential requirement. On November 8, 1976, an administrative review took place and their applications again were denied. The Tebos reapplied for general relief on December 16, 1976, after receiving food stamps and Medi-Cal benefits, and this time their applications were granted. On February 4, 1977, by order of the district court in this action, a second administrative review was held.

The Tebos appeared with counsel and written and oral arguments were presented. A hearing officer found that the Department's initial denial of the Tebos' applications was erroneous.

■ Plaintiffs contend that the San Diego procedures for administrative review of general relief application denials do not satisfy the requirements of procedural due process. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Plaintiffs assert that the interest in general relief benefits is an interest protected by the Fourteenth Amendment. This court agrees.

The Supreme Court has held:

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a *legitimate claim of entitlement to it.* *Id.* at 577, 92 S.Ct. at 2709 (emphasis added).

The Court in *Roth* further explained property interests:

Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Id.*

Thus, it is necessary in this case to look to the nature of the interest as defined by state law to determine whether applicants for general relief have a "legitimate claim of entitlement" to such benefits.

The Supreme Court recently found a protectible entitlement in parole applications by inmates in Nebraska state prisons. *Greenholtz v. Nebraska Penal Inmates*, —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Court accepted the contention that the parole statute itself created a pro-

tectible expectation of parole. There the Nebraska statute provided that "[w]henever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it *shall* order his release" unless the Board believes release should be deferred because of any of four specified reasons. *Id.* 99 S.Ct. at 2106 (emphasis added). It was contended that the statute created "a legitimate expectation of release absent the requisite finding that one of the justifications for deferral exists." *Id.* The Court held that "the expectancy of release provided in this statute is entitled to some measure of constitutional protection." *Id.*

Here the authorizing statute also uses mandatory language. Each county must provide general relief. The regulations adopted by San Diego County are detailed. They set forth specific objective eligibility criteria for receipt of aid. For example, recipients must establish their residence or intent to reside in San Diego County. (PG 90–103.2). All recipients must present identification (PG 90–103.1) and must sign a lien. (PG 90–100.3). A recipient's income may not exceed certain levels, with a $2500 real property limit and a $50 personal property limit. (PG 90–103.31 and 103.32). All recipients must apply for other potential benefits or demonstrate ineligibility for those benefits. (PG 90–104.2). The regulations also detail the procedures for determining the applicant's income and property levels and specify certain exclusions.

The regulations are comprehensive and definite. They greatly restrict the discretion of the intake eligibility worker. PG 90–102.22 states "[i]f there is a stated policy, procedure or regulation, a judgmental decision is *neither* required *nor* permitted." (emphasis in original).

California state court decisions confirm the mandatory nature of general relief. In *Mooney v. Pickett, supra,* the California Supreme Court struck down the general relief regulation of San Mateo County which denied benefits to "employable" single men. That Court held that "[s]ection 17000 imposes a *mandatory duty* upon the counties to support 'all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident.'" 4 Cal.3d at 676, 94 Cal.Rptr. at 283, 483 P.2d at 1235. (footnote omitted and emphasis added). *Accord, City and County of San Francisco v. Superior Court,* 57 Cal.App.3d 44, 128 Cal.Rptr. 712 (1976). The Court examined the legislative history of the statute and the general relief programs and found that excluding persons from relief because they are unmarried and employable was inconsistent with the law. On remand, the Court of Appeal referred to the mandatory nature of Section 17000 and held that "[c]onsequently, the obligation to provide appellant with General Assistance became a debt due from the county as of the date he was first entitled thereto." 26 Cal.App.3d 431, 435, 102 Cal. Rptr. 708, 711.

The district court, in finding that appellants' interest was not protected, emphasized the "diverse and variable nature" of general relief in California. Each county has considerable discretion in establishing criteria of eligibility. The court wrote: "In reality, the counties define just who it is who qualifies for a 'legitimate claim of entitlement' to General Relief. Until the applicant proves his eligibility under a particular county's guidelines, he has no legitimate claim." 448 F.Supp. at 1140–41.

The district court did not have the benefit of the Supreme Court's opinion in *Greenholtz.* This case, like *Greenholtz,* involves statutory entitlement. Here the authorizing statute coupled with the implementing regulations of the county creates a legitimate claim of entitlement and expectancy of benefits in persons who claim to meet the eligibility requirements.

The district court followed *Zobriscky v. Los Angeles County,* 28 Cal.App.3d 930, 105 Cal.Rptr. 121 (1972), a state court decision which refused to find general relief to be a protected property interest. The district court acknowledged that the state court's ruling on the Fourteenth Amendment issue was not binding but found it instructive "of the state court's view that General Relief is a public benefit similar to other benefits which are not deserving of an evidentiary

hearing prior to their denial." 448 F.Supp. at 1141. In finding due process requirements inapplicable, the state court relied on the applicant-recipient distinction. It did not review the mandatory language of the authorizing statutes or the extent to which the regulations establish definite eligibility criteria to greatly narrow the discretion of the County and to create legitimate expectancies of aid receipt. The court apparently did not inquire at all whether the applicants have a legitimate expectation of receiving benefits.

■ As plaintiffs' expectation of benefits is an interest protected under the Fourteenth Amendment, it is necessary to determine whether the procedures provided by San Diego County meet due process requirements. The district court, having found no property interest, did go on to discuss the remedies available to denied applicants. The court, however, did not analyze them in light of constitutional due process requirements. As the Supreme Court stated in *Greenholtz, supra,* "the quantum and quality of the process due in a particular situation depends upon the need to serve the purpose of minimizing the risk of error. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)." 99 S.Ct. at 2106.

[4] The procedures followed by the San Diego County need to be examined with reference to the criteria established by the Supreme Court. In determining whether San Diego County procedures meet due process requirements, the district court should consider our disposition of this appeal as an expression neither of disapproval of the County's procedures nor of approval of the procedures pressed upon us by the appellants.

The case is remanded to the district court for a determination of what process is due to protect the plaintiffs' interest in general relief benefits.

SNEED, Circuit Judge (concurring).

I concur in Judge Ferguson's opinion. I should only like to add that in determining

the adequacy of procedures required by due process its costs to the public must be weighed against its benefits to both the individual and the public. *Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), explicitly requires the striking of such a balance. *See Parham v. J. L.,* —— U.S. ——, 99 S.Ct. 2493, 2505–06, 61 L.Ed.2d 101 (1979).