No. 79–807. Peer, Director, Department of Public Welfare of County of San Diego, et al. *v.* Griffeth et al. C. A. 9th Cir. Certiorari denied.

Mr. Justice Rehnquist, dissenting.

The Court of Appeals has taken a significant step in this case to expand the ruling of this Court in *Goldberg* v. *Kelly,* 397 U. S. 254 (1970), a step that I believe merits plenary consideration by the full Court. The question pertains to whether an *applicant* for state-mandated welfare benefits is entitled to a hearing under the procedural guarantees of the Fourteenth Amendment to the United States Constitution before being denied welfare benefits for failure to meet the initial requirements imposed by state law. The California courts themselves, in *Zobriscky* v. *Los Angeles County,* 28 Cal. App. 3d 930, 105 Cal. Rptr. 121 (1972), have concluded that an applicant is not entitled to any hearing because, in the words of the Court of Appeals for the Ninth Circuit, they "refused to find general relief to be a protected property interest." *Griffeth* v. *Detrich,* 603 F. 2d 118, 121 (1979).

There has been much decisional law from this and other courts, and much scholarly commentary, as to what is a protected "property" interest under the Fourteenth Amendment's Due Process Clause, and what procedural guarantees are necessary under that Clause before one may be denied such a property interest. See, *e. g., Goldberg* v. *Kelly, supra; Board of Regents* v. *Roth,* 408 U. S. 564 (1972); *Mathews* v. *Eldridge,* 424 U. S. 319 (1976); *Greenholtz* v. *Nebraska Penal Inmates,* 442 U. S. 1 (1979); Van Alstyne, Cracks in "The New Property": Adjudicative Due Process in the Administrative State, 62 Cornell L. Rev. 445 (1977). Obviously this Court cannot parse every state-law provision to determine whether it creates a protected "property interest" under the Due Process Clause of the Fourteenth Amendment. But

here I believe the District Court put its finger on the significance of the case when it ruled against respondents, saying:

> "Plaintiffs [respondents] argue that the *pretermination* evidentiary hearing required by the Supreme Court in *Goldberg* v. *Kelly,* 397 U. S. 254 . . . (1970) should be applied to protect *denied* applicants for General Relief in San Diego County. . . . Defendants oppose an *extension* of *Goldberg*'s protection of terminated *recipients* of welfare to denied *applicants* for General Relief. The Supreme Court has not ruled on the issue. *Wheeler* v. *Montgomery,* 397 U. S. 280, 284–285 . . . (1970) (BURGER, C. J., dissenting)." (Emphasis supplied in part.) *Griffeth* v. *Detrich,* 448 F. Supp. 1137, 1139 (SD Cal. 1978).

Particularly when the only state appellate court to consider the question has concluded that there is no protected property interest under state law, this extension of *Goldberg* v. *Kelly, supra,* should receive plenary consideration by this Court.