ASSOCIATION OF ORANGE COUNTY DEPUTY SHERIFFS, George Byrd, Robert Singer, Cliff Miller, and John White, Plaintiffs/Appellants,

v.

Brad GATES, Sheriff-Coroner, County of Orange, and County of Orange, Defendants/Appellees.

No. 82–5686.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1983.

Decided Sept. 23, 1983.

Edward N. Duran, Santa Ana, Cal., for defendants/appellees.

Gregory G. Petersen, Santa Ana, Cal., for plaintiffs/appellants.

Before CHAMBERS, KENNEDY and HUG, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellants Association of Orange County Deputy Sheriffs Robert Singer and Cliff Miller appeal from the district court's order granting summary judgment to appellees holding Cal.Penal Code §§ 12031(b)(1) and 12027 do not grant entitlements sufficient to invoke the Due Process Clause of the Fourteenth Amendment.[1] The district court also rejected appellants' claim that their liberty interests were implicated and injured by appellees' action. We affirm.

Appellants, former deputy sheriffs retired under medical disability, brought suit under 42 U.S.C. § 1983 alleging they had been denied certificates allowing them, after retirement, to carry concealed and loaded weapons.[2] Appellants argue Cal.Penal Code §§ 12031(b)(1) and 12027,[3] which

---

1. Plaintiff Byrd and White were dismissed by the trial court as their claims did not present a case or controversy within Article III. The propriety of their dismissal was not contested on appeal.

2. This court, as did the district court, assumes appellants are equal in status to those honorably discharged.

3. Cal.Penal Code § 12031 provides in relevant part:

12031. Carrying of loaded firearm; misdemeanor, exceptions (a) [Carrying a loaded firearm in a public place is a misdemeanor]

(b) Subdivision (a) shall not apply to any of the following:

(1) Peace officers listed in Section 830.1 or 830.2, whether active or honorably retired

. . .

The agency from which a peace officer is honorably retired may, upon initial retirement of the peace officer, or at any time subsequent thereto, deny or revoke, for good cause, the retired officer's privilege to carry a weapon as provided in this paragraph. A retired peace officer shall petition the issuing agency for renewal of his or her privilege to carry a loaded firearm in public every five years. Any peace officer

provide for the certificates, create an entitlement sufficient to warrant constitutional protection.[4]

"A property interest in a benefit protected by the due process clause results from a legitimate claim of entitlement created and defined by an independent source, such as state or federal law." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). This interest does not arise "whenever a person has only 'an abstract need or desire for' or 'unilateral expectation of,' a benefit." *Erdelyi v. O'Brien,* 680 F.2d 61, 63 (9th Cir.1982) (quoting *Board of Regents v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709). A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms. *See Griffeth v. Detrich,* 603 F.2d 118 (9th Cir.1979), *cert. denied,* 445 U.S. 970, 100 S.Ct. 1348, 64 L.Ed.2d 247 (1980).

The only restrictions imposed by § 12027(a) and § 12031(b)(1) are 1) the agency from which the officer retires issues a certificate indicating whether or not the officer may carry a concealed weapon[5] and 2) the privilege of carrying a loaded concealed weapon may be denied or revoked for "good cause".[6] This court finds, as did the court below, that the requirement of "good cause" prior to the denial of a weapons certificate does not create a constitutionally protected interest, because it is not a "significant substantive restriction on the basis for [the] agency's action." *Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980). *See also Erdelyi v. O'Brien, supra,* (private investigator did not have property interest in concealed weapons permit under Cal.Penal Code § 12050).

Similarly, the court rejects appellants' argument that the denial of the exemption causes a loss of liberty without due process of law in that their reputations were damaged and alternative sources of employment were foreclosed. "Unpublicized accusations do not infringe constitutional liberty interests because, by definition, they cannot harm 'good name, reputation, honor or integrity.' (Citations omitted) ... When reasons are not given, inferences drawn from [denial of the exemption] alone are simply insufficient to implicate liberty interests." *Bollow v. Federal Reserve Bank of San Francisco,* 650 F.2d 1093, 1101 (9th Cir.1981). Further, alternative sources of employment would not be foreclosed for failure to issue a certificate authorizing the carrying of a loaded concealed weapon as appellants can apply for such a permit under Cal.Penal Code § 12050 notwithstanding their success under the statutes at issue here.

Finally, appellants have moved to strike pages three and four of appellees' opening

---

who has been honorably retired shall be issued an identification certificate containing an endorsement by the issuing agency and indicating whether or not the retired peace officer has the privilege to carry a weapon pursuant to this paragraph and the date when the endorsement is to be reviewed again.

Section 12027 provides in relevant part:

12027. Persons exempt

Section 12025 [carrying a concealed weapon is a misdemeanor or felony] does not apply to or affect any of the following: (a) *Peace officers.*

Peace officers listed in section 830.0 or 830.2 whether active or honorably retired ...

The agency from which a peace officer is honorably retired may, upon initial retirement of the peace officer, or at any time subsequent thereto, deny or revoke, for good cause, the retired officer's privilege to carry a weapon as provided in this subdivision.

**4.** The right of a retired deputy sheriff to carry concealed weapons is not so fundamental as to warrant constitutional protection apart from its status under state law. *See Erdelyi v. O'Brien,* 680 F.2d 61 (9th Cir.1982).

**5.** Appellants have received their certificates; their objection is the certificates expressly do not authorize the carrying of a concealed weapon.

**6.** Appellants were denied the privilege as contrasted to it being revoked. The court does not express an opinion with respect to the latter situation.

brief. That motion is granted as appellees' allegations are insufficiently set forth.[7]

AFFIRMED.

---

7. Appellants have also requested this court to remand the case so they can amend their complaint to allege additional facts. Because this decision is based on legal as opposed to factual issues, the request is denied.