PER CURIAM.
 

 This is a social security case in which the appellant filed a series of claims asserting that she had become disabled before her insured status expired. The main question before us is whether, after an administrative law judge has conducted an evidentiary hearing despite the existence of
 
 *262
 
 an earlier final decision denying the same claim, the Appeals Council can-deny the hearing request retroactively, thereby foreclosing judicial review. The district court answered this question in the affirmative and dismissed the claimant’s case. We agree with the district court’s decision, and we shall affirm the dismissal.
 

 I
 

 The claimant, Edith Harper, held a job for a ten-year period ending in January of 1981. She has not worked since that time, and her insured status expired on December 31, 1986.
 

 Ms. Harper filed applications for disability insurance benefits on April 7, 1981, February 8, 1982, April 22, 1986, May 19, 1987, and June 23, 1988. The first, third, and fourth applications were denied initially and upon reconsideration. The second was denied initially, and no appeal was taken from its denial. Ms. Harper did not request a hearing before an administrative law judge with respect to any of the first four applications.
 

 After the denial upon reconsideration of her fifth claim, Ms. Harper sought and was granted a hearing before an administrative law judge. The AU denied the fifth claim on its merits, finding that Ms. Harper had not been disabled as of the last date on which she was insured. Ms. Harper sought review by the Appeals Council, which granted review in a letter dated March 12, 1990. In the same letter, the council alerted Ms. Harper to the possibility that her claim would be disposed of on administrative
 
 res judicata
 
 grounds.
 

 On May 25, 1990, the Appeals Council vacated the decision of the AU and retroactively denied the request pursuant to which the AU had conducted the hearing. The council took the position that under the doctrine of administrative
 
 res judicata,
 
 the denial of Ms. Harper’s fourth claim was dispositive of any subsequent claim.
 

 Following initiation of the present suit for judicial review, the district court remanded the matter to the Appeals Council for a determination as to whether Ms. Harper’s fourth application for benefits should have been reopened under 20 C.F.R. § 404.-988(a). The council declined to reopen the fourth claim, finding that Ms. Harper had presented no new evidence as to her condition before December 31, 1986. The council again determined that the fifth claim was barred by the doctrine of
 
 res judicata.
 
 In a well reasoned opinion filed by the district court (Graham, J.) on November 18, 1991, the court then dismissed Ms. Harper’s lawsuit. This appeal followed.
 

 II
 

 The first question we must address is whether the federal courts have jurisdiction. ' The pertinent statute, 42 U.S.C. § 405(g), provides, in relevant part, as follows:
 

 “Any individual, after any final decision of the Secretary
 
 made after a hearing to which he was a party,
 
 irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days----” (Emphasis supplied.)
 

 The Appeals Council determined that the final decision of the Secretary was the denial upon reconsideration of the fourth claim in 1987. The final decision of the Secretary thus appears to have been made
 
 before
 
 any evidentiary hearing took place, which would normally preclude judicial review. A refusal to reopen a prior application is not a final decision and may not be reviewed by the courts.
 
 Califano v. Sanders,
 
 430 U.S. 99, 107-09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977);
 
 Blacha v. Secretary of Health and Human Services,
 
 927 F.2d 228 (6th Cir.1990).
 

 Ms. Harper claimed before the district court, and she claims here, that she was deprived of property without due process of law in violation of her rights under the Fifth Amendment of the United States Constitution. As
 
 Califano
 
 noted, where a constitutional claim is made in conjunction with a social security benefits case, jurisdiction may attach outside the scope of 42 U.S.C. § 405(g) and despite the foreclosure, in 42 U.S.C. § 405(h), of general federal question jurisdiction over social security
 
 *263
 
 appeals. (The latter section provides that “[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.”) The district court thus had jurisdiction to entertain Ms. Harper’s constitutional claim, regardless of whether jurisdiction existed under 42 U.S.C. § 405(g).
 

 Ill
 

 Ms. Harper contends, as we have said, that the action of the Appeals Council in vacating the AU’s decision to grant a hearing on the merits and disposing of the case on
 
 res judicata
 
 grounds constituted a denial of due process. As a preliminary matter we note a potential stumbling block not addressed in the parties’ briefs.
 

 Under the language of the Fifth Amendment, due process protections attach only to “life, liberty, or property.” Ms. Harper could not prevail on her constitutional claim, therefore, without showing that she was deprived of “property” without due process of law. The existence of a property interest here is far from self-evident.
 

 “The definition of property since the 1972 [Supreme Court] decision in
 
 Board of Regents v. Roth
 
 has centered on the concept of ‘entitlement.’ The Court will recognize interests in government benefits as constitutional ‘property’ if the person can be deemed to be ‘entitled’ to them. Thus, the applicable federal, state or local law which governs the dispensation of the benefit must define the interest in such a way that the individual should continue to receive it under the terms of the law. This concept also seems to include a requirement that the person already has received the benefit or at least had a previously recognized claim of entitlement.” 2 Rotunda & No-wak, Treatise on Constitutional Law § 17.5(a) at 628 (1992).
 

 The right to due process applies to the termination of government benefits already being received,
 
 Goldberg v. Kelly,
 
 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), but Ms. Harper has never received disability benefits. Two of our sister courts of appeals have extended
 
 Goldberg
 
 to applicants for government benefits' that have not yet been awarded. See
 
 Daniels v. Woodbury County, Iowa,
 
 742 F.2d 1128 (8th Cir.1984) (finding applicants for general assistance on the county level had a right to due process), and
 
 Griffeth v. Detrich,
 
 603 F.2d 118 (9th Cir.1979),
 
 cert. denied sub nom. Peer v. Griffeth,
 
 445 U.S. 970, 100 S.Ct. 1348, 64 L.Ed.2d 247 (1980) (finding applicants for benefits under state general assistance program had a “legitimate expectation of entitlement” because of mandatory language in state statute).
 

 The Supreme Court has recognized a right to due process on the part of parole applicants who can point to a statute saying that prisoners “shall” be released under certain conditions,
 
 Greenholtz v. Nebraska Penal Inmates,
 
 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), but the Court has not determined whether applicants for monetary benefits have a similar right. See
 
 Lyng v. Payne,
 
 476 U.S. 926, 942, 106 S.Ct. 2333, 2343, 90 L.Ed.2d 921 (1986) (“We have never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendment”). See also
 
 Peer v. Griffeth,
 
 445 U.S. 970, 100 S.Ct. 1348, 64 L.Ed.2d 247 (1980) (Rehnquist, J., dissenting from denial of certiorari) (“Particularly when the only [California] appellate court to consider the question has concluded that there is no protected property interest under state law, this extension of
 
 Goldberg v. Kelly ...
 
 should receive plenary consideration by this Court”). The Rotunda and Nowak treatise comments that “[although the Court has not resolved this issue, under the ‘entitlement’ principle it would appear that a person has no property interest in a benefit unless he has previously been granted it by the government.” 2 Rotunda & Nowak,
 
 supra
 
 § 17.5, at 629.
 

 This court was presented with an opportunity to adopt
 
 Griffeth’s
 
 “mandatory language” rationale in
 
 Baker v. Cincinnati Metropolitan Housing Authority,
 
 675 F.2d 836 (6th Cir.1982). There the plaintiffs . sought changes in procedures followed by a housing authority in determining eligibility for a new Housing and Urban
 
 *264
 
 Development program. The district court relied partially on
 
 Griffeth
 
 in determining that persons who could show they met the criteria for the program were entitled to due process protection.
 
 Baker v. Cincinnati Metropolitan Housing Authority,
 
 490 F.Supp. 520, 532 (S.D. Ohio 1980). We decided on appeal that the procedures satisfied due process, but we did not specifically address the question whether due process was constitutionally required.
 

 In the case at bar we find it unnecessary to decide whether Ms. Harper had a “property” interest of which she could not be deprived without due process. Whether or not there was a property interest, Ms. Harper received all the process that would have been due under any hypothesis.
 

 The regulations promulgated by the Secretary make it clear that an unappealed denial upon reconsideration is a final decision. 20 C.F.R. § 404.921 provides as follows:
 

 “The reconsidered determination is binding unless—
 

 (a) You or any other party to the reconsideration requests a hearing before an administrative law judge within the stated time period and a decision is made;
 

 (b) The expedited appeals process is used; or
 

 (c) The reconsidered determination is revised.”
 

 Because the denial of Ms. Harper’s fourth claim upon reconsideration was not appealed or revised, and because the denial was not followed by a timely request for a hearing before an ALJ, the denial was a final decision of the Secretary that was, according to the regulation, “binding.” The AU who heard Ms. Harper’s fifth claim was aware of this problem, yet he offered no explanation of his failure to give the reconsidered denial of the fourth claim the binding effect prescribed by the regulation. The ALJ’s decision to treat the earlier determination as non-binding appears to have been erroneous, and we know of no reason why it was not within the province of the Appeals Council to correct the error.
 

 In
 
 Mullen v. Bowen,
 
 800 F.2d 535 (6th Cir.1986)
 
 (en banc),
 
 this court noted that the Appeals Council may review
 
 any
 
 determination by an AU that it chooses to review, whether or not there has been an application for such review.
 
 [1]
 
 See
 
 id.
 
 at 545, 554 (Nelson, J., concurring). The Appeals Council is empowered to consider all aspects of a decision, even if the claimant seeks review of a portion only — and the council need not give notice to.the claimant of its intent to review the entire decision.
 
 Gronda v. Secretary of Health & Human Services,
 
 856 F.2d 36, 38-39 (6th Cir.1988),
 
 cert. denied,
 
 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989).
 
 [2]
 

 Notwithstanding
 
 Mullen,
 
 Ms. Harper maintains that the AU’s decision to grant a hearing was not subject to review by the Appeals Council. Even if the grant of a hearing was improvident, she suggests, the council could not set the grant aside and invoke the doctrine of
 
 res judicata
 
 after the AU had heard the claim on the merits. In cases that are almost exactly parallel to this one, however, the Courts of Appeals for the Fifth and Seventh Circuits have held that the council can reopen a decision by an AU to grant a hearing, and — even if a hearing has actually been held — can dismiss on
 
 res judicata
 
 grounds.
 
 Ellis v. Schweiker,
 
 662 F.2d 419 (5th Cir. 1981);
 
 Johnson v. Sullivan,
 
 936 F.2d 974 (7th Cir.1991). See also
 
 Taylor v. Heckler,
 
 765 F.2d 872, 874-77 (9th Cir.1985) (upon second application, AU reopened first application and found claimant disabled; Appeals Council vacated AU’s decision and
 
 *265
 
 dismissed on
 
 res judicata
 
 grounds). ' We’ agree with these decisions, and we adopt their reasoning.
 

 Poulin v. Bowen,
 
 817 F.2d 865 (D.C. Cir.1987), relied on by Ms. Harper, is not in point. In
 
 Poulin
 
 the AU reopened a prior claim and considered it on the merits. The Appeals Council also considered the claim on the merits. The court of appeals simply held that where the Secretary does not rely on the
 
 res judicata
 
 defense in agency proceedings, he cannot raise it initially upon judicial review.
 

 Ms. Harper also contends that one of the forms she received from the agency was misleading about her right to future appeals of the denial of benefits. The brief she filed in this court refers to a letter she addressed to the Appeals Council on this issue, but the letter is not a part of the administrative record. Because the record does not indicate that the issue was raised at the administrative level, we are not in a position to consider the issue. See
 
 Hix v. Director, Office of Workers’ Comp. Programs,
 
 824 F.2d 526 (6th Cir.1987).
 

 For the reasons stated, we find no error in the decision of the district court. The order in which that court dismissed Ms. Harper’s lawsuit is therefore AFFIRMED.
 

 [1]
 

 . Since
 
 Mullen
 
 was decided, the Seventh Circuit, sitting
 
 en banc,
 
 has reversed an earlier panel decision and come down on
 
 Mullen’s
 
 side. See
 
 Bauzo v. Bowen,
 
 803 F.2d 917, 921 (7th Cir. 1986)
 
 (en banc),
 
 overruling
 
 Scott v. Heckler,
 
 768 F.2d 172 (7th Cir.1985). Seven circuits now adhere to
 
 Mullen’s
 
 view; only the Third Circuit remains on the other side. See
 
 Mullen,
 
 800 F.2d at 539 n. 4 (citing cases, including
 
 Powell v. Heckler,
 
 783 F.2d 396 (3rd Cir.1986)).
 

 [2]
 

 .
 
 Gronda
 
 forecloses any argument that the council should not have been able to bar Ms. Harper’s claim on
 
 res judicata
 
 grounds because she had no notice that
 
 res judicata
 
 might be used against her. The point is moot, however, in light of the council’s letter of March 12, 1990, warning Ms. Harper of its intention to dismiss her claim on the basis of
 
 res judicata
 
 and inviting her arguments against such action.