UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL NOZZI, individually and as class representative; et al., | No. 09-55588 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-00380-GW-FFM Central District of California, Los Angeles |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES and RUDOLPH MONTIEL, in his official capacity, | ORDER |
| Defendants - Appellees. | |

Before: TROTT and WARDLAW, Circuit Judges, and MOSMAN, District Judge.[*]

The memorandum disposition and concurrence filed on March 21, 2011, are hereby withdrawn. The clerk shall file the attached memorandum disposition and concurrence in their place.

The parties shall have fourteen days from entry of the superseding memorandum disposition to file petitions for rehearing or petitions for rehearing en banc in the above-captioned matter.

IT IS SO ORDERED.

---

[*] The Honorable Michael W. Mosman, District Judge for the U.S. District Court for Oregon, Portland, sitting by designation.

FILED

**NOT FOR PUBLICATION**

MAR 25 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL NOZZI, individually and as class representative; et al.,

          Plaintiffs - Appellants,

  v.

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES and RUDOLPH MONTIEL, in his official capacity,

          Defendants - Appellees.

No. 09-55588

D.C. No. 2:07-cv-00380-GW-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and MOSMAN, District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Michael W. Mosman, United States District Judge for the District of Oregon, sitting by designation.

Plaintiffs Michael Nozzi and Nidia Pelaez, putative class representatives of recipients of federal housing assistance payments under the Section 8 Housing Voucher Program, 42 U.S.C. § 1437f(o), and the Los Angeles Coalition to End Hunger and Homelessness (collectively "plaintiffs") appeal the district court's dismissal of two claims and grant of summary judgment in favor of defendants Housing Authority of the City of Los Angeles ("HACLA"), which administers the Section 8 Program, and its Executive Director, Rudolph Montiel, on other claims arising from defendants' failure to provide adequate notice of its planned reduction of the voucher payment standard ("VPS"), which is used to calculate plaintiffs' monthly housing assistance payments. Because the district court incorrectly applied well-established law to conclude that plaintiffs asserted no property interest to which due process attached, and because genuine issues of material fact exist as to whether the notice HACLA provided satisfied the requirements of due process, we affirm in part and reverse in part.

1. Perhaps misconstruing plaintiffs' § 1983 due process claim, the district court improperly concluded that plaintiffs' property interest in Section 8 benefits did not require adequate notice that their benefits were subject to the planned reduction. Although the district court based this conclusion on its determination that plaintiffs could not claim a property interest in the § 982.505 notice

2

requirement, plaintiffs' claim does not depend on finding a "right to notice." Rather, plaintiffs claim that they are statutorily entitled to benefits under Section 8, and that the statute in tandem with the regulatory requirements "restrict[ing] the discretion" of HACLA, *Griffeth v. Detrich*, 603 F.2d 118, 121 (9th Cir. 1979), creates a property interest in Section 8 benefits to which constitutional due process attaches. *See Perry v. Sindermann*, 408 U.S. 593, 599–603 (1972) (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)) (a legitimate claim of entitlement derived from a statute, rule, regulation, or de facto protocol gives rise to a federally protected property interest). Moreover, because it is beyond dispute that "property interests . . . extend well beyond actual ownership," *Roth*, 408 U.S. at 571–72, the district court erred in concluding that plaintiffs "can only [have] a property interest in property." *See, e.g.*, *Ressler v. Pierce*, 692 F.2d 1212, 1215 (9th Cir. 1982) (finding that applicants have a federally protected property interest in receiving benefits); *Griffeth*, 603 F.2d at 121 (same).

The controlling authority establishes that Section 8 participants have a property interest in housing benefits by virtue of their "membership in a class of individuals whom the Section 8 program was designed to benefit." *Ressler*, 692 F.2d at 1215. Because the Section 8 regulations "closely circumscribe" HACLA's discretion – by prohibiting HACLA from immediately implementing a reduced

3

VPS, and requiring HACLA to inform participants that a reduced VPS will be implemented – plaintiffs' property interest is protected against an abrupt and unexpected change in benefits. *Id.*; *see also Geneva Towers Tenants Org. v. Romney*, 504 F.2d 483, 490 (9th Cir. 1974) (finding that plaintiffs' protected property interest in low-income housing included an expectation "that rents will be kept as low as economically feasible" where an entity's discretion to increase rent was limited and plaintiffs clearly fell within the category of intended beneficiaries of the federal assistance program).

What process is due to protect plaintiffs' well-settled property interest in their Section 8 benefits is controlled by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Upon remand, the district court shall apply the *Mathews* factors to the circumstances presented here. *See, e.g.*, *Ressler*, 692 F.2d at 1216–22 (evaluating the sufficiency of procedural safeguards); *Geneva Towers*, 504 F.2d at 491–93 (same). We note that the district court's conclusion that there is "no reason to look beyond the regulatory language" to determine if HACLA's notice was sufficient is at odds with *Mathews*. Technical compliance with regulatory procedures does not automatically satisfy due process requirements. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ("'Property' cannot be defined by the procedures provided for its deprivation.").

4

Moreover, given that the district court recognized that "the consequences of a sudden reduction in benefits to a Section 8 participant could be potentially devastating," there exists a genuine issue of material fact as to whether HACLA's notice sufficiently protected plaintiffs' property interest.[1]

2. For similar reasons, the district court improperly granted summary judgment on plaintiffs' state due process claim. California courts have held that the due process provision of the California Constitution, Cal. Const. art I, § 7, is "identical in scope and purpose" to the Due Process Clause of the federal Constitution. *Gray v. Whitmore*, 17 Cal. App. 3d 1, 20 (1971) (citing *Gray v. Hall*, 203 Cal. 306, 318 (1928)).

3. The district court incorrectly concluded that the notice provided by defendants satisfied the mandatory duty in § 982.505 to provide one-year notice before implementing the reduced VPS. California Government Code § 815.6 permits private individuals to sue public entities where: (1) an enactment imposes a mandatory duty; (2) it is intended to protect the individual from the type of injury suffered; and (3) the breach of the mandatory duty was the proximate cause of the

---

[1] The district court's reliance on *Atkins v. Parker*, 472 U.S. 115 (1985), is misplaced. There, the plaintiffs had no property interest in advance notice of congressional action under the Food Stamp Act, and thus minimal, after-the-fact notice of a legislative change satisfied due process. *Id.* at 125–26, 129–30.

injury suffered. Cal. Gov't Code § 815.6. At a minimum, the notice must be sufficiently effective to protect housing benefits recipients from an abrupt and unexpected reduction of benefits. It is a question of fact whether the "literal compliance" that occurred here was sufficient to meet § 815.6's requirements.

4. The district court's dismissal of plaintiffs' state law negligence claim was erroneous because, while public entities cannot be held liable for their own negligence, they may be held vicariously liable for the negligent acts of their individual employees. *See* Cal. Gov't Code § 815.2; *Eastburn v. Reg'l Fire Prot. Agency*, 31 Cal. 4th 1175, 1179 (2003).

5. The district court did not err in dismissing plaintiffs' § 1983 claim to enforce the notice requirement in the regulation. Under *Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003), agency regulations cannot create a federal right enforceable under § 1983.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for proceedings consistent with this disposition. Each party shall bear its own costs.

6

09-55588 Nozzi v. Housing Authority of the City of Los Angeles

Mosman, J., concurring

I agree with the panel that plaintiffs have a property interest in Section 8 benefits. And I also agree that this property interest is protected by the constitutional guarantee of due process. I write separately only to clarify the question left open for the district court to determine on remand: What process was due?

"[O]nce a substantive right has been created, it is the Due Process Clause which provides the procedural minimums, and not a statute or regulation." *Geneva Towers Tenants Org. v. Federated Mortg. Investors*, 504 F.2d 483, 489 n.13 (9th Cir. 1974). Regulations like those referenced in the memorandum disposition can be useful in deciding whether or not there is a protected property interest. But they are not the source of the procedural protections. For this reason the district court was correct to find that plaintiffs have no constitutional right to a year's worth of benefits after being told of a change in the VPS. On remand, the district court should determine what process is due by considering the factors in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), without regard to the procedural protections in the regulations.

In situations analogous to termination of Section 8 benefits, the procedural protection guaranteed by the Constitution is typically pre-deprivation notice and a

hearing. *See, e.g.*, *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 12–15 (1978) (requiring notice of opportunity to be heard before disconnecting municipal utility service); *Mathews*, 424 U.S. at 339–40 (finding notice and administrative procedures used before discontinuing social security disability benefits constitutionally adequate); *Perry v. Sindermann*, 408 U.S. 593, 603 (1972) (requiring notice and an opportunity to be heard before terminating employment); *Bell v. Burson*, 402 U.S. 535 (1971) (requiring notice and an opportunity to be heard before a driver's license can be revoked); *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970) (requiring notice and a hearing to discontinue welfare benefits). I am unaware of any public benefit case requiring more than pre-deprivation notice and a hearing.

At oral argument plaintiff's counsel conceded that plaintiffs who were actually going to have Section 8 benefits reduced were granted notice and a hearing before any reduction in those benefits. Because this was merely a representation at oral argument, remand is the proper remedy to address this issue of material fact.[1] If the district court finds that adequate notice and a hearing were offered to every individual prior to any actual reduction in benefits, the district court may find as a matter of law that due process was satisfied.

---

[1] *But see Hilao v. Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) ("A party . . . is bound by concessions made in its brief or at oral argument.").