# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 21-10347
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeffrey Ndungi Sila,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-448-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Jeffrey Ndungi Sila was charged with two counts of theft of public funds in violation of 18 U.S.C. §§ 2 and 641 (Counts I and III) and with aggravated identity theft in violation of 18 U.S.C. §§ 2 and 1028A (Count II). A jury convicted Sila on all counts, and he was sentenced to a total term of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment of 97 months.  Sila appealed, and this court affirmed his convictions on Counts I and II, but it reversed his conviction on Count III and remanded for resentencing after concluding that there was insufficient evidence to support the conviction.  *United States v. Sila*, 978 F.3d 264, 270-71 (5th Cir. 2020).

At resentencing, the only issue before the district court was the calculation of the loss amount following this court's reversal of Sila's conviction on Count III.  Ultimately, the district court imposed an 87-month term of imprisonment, and Sila filed a second appeal.

In his second appeal, Sila does not dispute the district court's loss calculation or any other matter related to resentencing.  Instead, he raises new substantive challenges to his convictions on Counts I and II, arguing constructive amendment of the indictment and claiming that the evidence at trial varied from the indictment in violation of his due process rights.  He has also filed a pro se motion seeking substitute counsel based on his current counsel's alleged failure to communicate with him.

The Government moves for summary affirmance, arguing that because Sila's arguments could have been raised in his first appeal, every issue raised in his second appeal is forfeited by the law of the case doctrine and the related waiver doctrine.  *See United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004); *see also United States v. Stanford*, 883 F.3d 500, 514 (5th Cir. 2018).  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time is DENIED.  Sila's motion for the appointment of substitute counsel is DENIED.