**Paul Merritt CHRISTIANSEN, Appellant**

v.

**ADMISSIONS CLERK and United States Tax Court, Appellees.**

No. 10–1226.

United States Court of Appeals, District of Columbia Circuit.

Oct. 11, 2011.

Paul Merritt Christiansen, Laguna, CA, pro se.

Robert W. Metzler, Steven Kiyoto Uejio, U.S. Department of Justice, Washington, DC, for Appellees.

Before HENDERSON, TATEL, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States Tax Court and on the briefs filed by the parties. It is

**ORDERED** that the Tax Court decisions from which this appeal has been taken be affirmed.

Paul Merritt Christiansen appeals (1) the Tax Court's denial of his application for admission to practice as a non-attorney before that court, and (2) its subsequent denial of his related petition for declaratory relief. He applied for admission to the Tax Court in November 2008. He took the required non-attorney examination but failed it. Consistent with guidance published on its website for 2008 prospective test-takers (*see* Supp.App. 12–13), the Tax Court informed Christiansen in March 2009 that it would not reconsider his test result unless he could demonstrate a clerical error in the scoring of his test. In May 2009, Christiansen sent the Tax Court a letter expressing concern that other test-takers had used unauthorized materials while taking the exam, but he failed to allege any error in the scoring of his own test. Responding by letter, the Tax Court noted this failure. In August 2009, Christiansen filed with the Tax Court a petition for "[d]eclar[a]tory [r]elief," seeking "[a]dmission to [p]ractice" before the court. The petition primarily renewed Christiansen's assertion that other test-takers had used unauthorized materials. Again responding by letter, the Tax Court informed Christiansen that it lacked jurisdiction to entertain his request for declaratory relief and that, in any event, he had again failed to demonstrate any clerical error in the scoring of his own test.

■ The Congress has provided that "[n]o qualified person shall be denied admission to practice before the Tax Court because of his failure to be a member of any profession," I.R.C. § 7452, but it has left to the Tax Court to decide who is a "qualified person." The Tax Court, in turn, requires a non-attorney applicant like Christiansen to demonstrate, by passing a written examination, that he "possesses the requisite qualifications to provide competent representation" before the court. I.R.C. Rule 200(a)(3). And where, as here, the applicant fails the examination, the Tax Court's guidance published on its website makes clear that the court does not reconsider the result "unless the applicant can demonstrate, within 90 days after the Court mails notification to an applicant that he or she did not pass the examination, that there was a clerical error in scoring." Supp.App. 13. Christiansen never alleged in the Tax Court, let alone proved, that there was a clerical error in the "scoring" of his own test. He now contends that the Tax Court was required to admit him anyway because the court failed to monitor and control the administration of the test, thereby allowing other test-takers to used unauthorized materials. But Christiansen has presented no evidence, beyond his own representations, that the test was administered unfairly. And even assuming other test-takers used unauthorized materials, Christiansen has not shown how that precluded *him* from passing the test and thereby demonstrating that he himself "possesses the requisite qualifications to provide competent representation" before the Tax Court. I.R.C. Rule 200(a)(3).

■ Christiansen's other claims of error in the denial of his application for admission are likewise without merit. First, he suggests the Due Process Clause required the Tax Court to hold a hearing through which he could demonstrate a clerical error in the scoring of his test. But the court, consistent with its published guid-

ance for prospective test-takers (Supp. App.13–14), offered to provide him copies of the examination, his answers to it and the score he received for each answer (Supp.App.18). This would have enabled him to review his test to determine if any clerical error had been made, thus satisfying due process requirements. *See Goldsmith v. Bd. of Tax Appeals,* 270 U.S. 117, 123, 46 S.Ct. 215, 70 L.Ed. 494 (1926) (due process requires giving an applicant an "opportunity . . . to be heard in reference to the [basis] upon which the [court] acted in denying him admission to practice").

Second, to the extent Christiansen claims he was denied due process because the Tax Court misled him into believing his test results had been destroyed, the argument fails for the same reason: when the court notified him that he had failed the test, it also informed him that the exam, his answers and his score for each answer would be available, upon request, for 60 days. Again, the court's preservation of the exam and Christiansen's answers and scores enabled him to challenge any clerical error in the scoring of his test and he does not explain how preserving the records (as opposed to destroying them) could have prejudiced him.

■ Third, Christiansen is wrong in contending that the Tax Court erroneously refused to accept his passing score on the Multistate Professional Responsibility Examination (MPRE) as a substitute for the ethics portion of the court's exam. The MPRE is not part of the Tax Court's test

(*see* Supp.App. 21), and due process principles do not preclude the court from administering its own ethics questions rather than accepting the MPRE. *See Schware v. Bd. of Bar Examiners,* 353 U.S. 232, 239, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957) (due process requires only that bar admission prerequisites have a "rational connection with the applicant's fitness or capacity to practice").

Finally, the Tax Court was correct in concluding that it lacked jurisdiction to entertain Christiansen's petition for declaratory relief. The Tax Court is a court of limited jurisdiction and it may grant declaratory relief in only limited circumstances. I.R.C. § 7442; *see Commissioner v. McCoy,* 484 U.S. 3, 7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987). None of the statutes conferring jurisdiction on the Tax Court to grant declaratory relief applies here. *See* I.R.C. §§ 103(a), 6166, 6234, 7428, 7476, 7477, 7478, 7479.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Circuit Rule 41.