# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-1071**                              **September Term, 2020**

**USTC-ADM-2-19**

**Filed On:** April 23, 2021

Yaakov Barr-Zvulun,

      Appellant

    v.

United States Tax Court, Admissions Office,

      Appellee

## ON APPEAL FROM THE UNITED STATES TAX COURT

**BEFORE:**    Tatel, Pillard, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties, see Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and appellee's motion for leave to file an appendix and the lodged appendix, it is

**ORDERED** that appellee's motion for leave to file an appendix be granted. The Clerk is directed to file the lodged appendix. The court will not consider appellant's extra-record exhibits. See Fed. R. App. P. 10(a). It is

**FURTHER ORDERED AND ADJUDGED** that the United States Tax Court's July 25, 2019 decision denying appellant's request for reconsideration of the results of his examination to practice as a non-attorney before that court be affirmed. The Tax Court correctly concluded that the appellant had not demonstrated grounds for the reconsideration of his examination results. It is undisputed that appellant did not pass the Tax Court's written examination, and appellant has not demonstrated that a clerical error was made in scoring his examination. The Tax Court therefore provided appellant with an opportunity for review that complied with its policy and the requirements of due process. See Christiansen v. Admissions Clerk, 441 F. App'x 1, *2-3 (D.C. Cir. 2011). Further, even if the court were to assume appellant is protected under the Americans with Disabilities Act in this case, see 42 U.S.C. §§ 12131-12132, the record does not support any argument that the Tax Court failed to properly accommodate appellant or discriminated against him on the basis of disability. To the extent appellant now argues the Tax Court violated the Occupational Health and Safety Act, did not comply with

**No. 20-1071**                **September Term, 2020**


I.R.C. § 6330, or discriminated against him on a basis other than disability, such arguments have been forfeited by his failure to raise them before the Tax Court, see Cruz v. Am. Airlines, Inc., 356 F.3d 320, 329 (D.C. Cir. 2004), and, in any event, he has not shown he would be entitled to relief on these grounds.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**


                                      **FOR THE COURT:**
                                      Mark J. Langer, Clerk

               BY:     /s/
                                        Daniel J. Reidy
                                        Deputy Clerk